### GRIFFIN *against* THE MAYOR, &c., of NEW-YORK.

The corporation of the city of New-York is not liable for the acts of its citizens in obstructing its streets, when notice of such obstruction is not shown to have been received by its officers.

Where a street in that city, opposite to a building in process of erection, was so encroached upon by piles of rubbish and materials that only sufficient room was left for one vehicle to pass, the plaintiff, in attempting in daylight to pass another carriage by driving over the obstruction, did so at his peril. The party seeking redress for injuries in actions of this kind should be held to the exercise of ordinary care and skill, even if not required to be entirely without fault. *Per* ALLEN, J.

APPEAL from a judgment of the superior court. complaint alleges that the defendants are a corporation, invested with certain municipal duties, and among other things are bound to keep the streets and highways free from impediments and obstructions, and in good traveling condition; that in the neglect of this duty before and at the time when, &c., they suffered a large quantity of dust and rubbish to remain upon the carriage way in Chambers-street, whereby the plaintiff, who was passing through that street in his wagon on the 14th of September, 1849, was accidentally driven against the rubbish and overturned, by which his collar bone and two of his ribs were broken, and his skull fractured, for which he demands judgment for $10,000. The answer denies, either by a direct traverse,

or by alleging a want of knowledge, the material facts stated in the complaint. The trial took place before the late Judge SANDFORD, in September, 1849. It appeared that on the 14th September, 1849, the plaintiff was being driven down Chambers-street in a wagon, and when near the corner of Church-street, the vehicle passed over a pile of dirt at the side of the street, by which one of the hinder wheels was so much raised as to throw the plaintiff out. In falling, he struck the hub of one of the wheels, and was very much injured. At the place where the accident happened there was a pile of rubbish on each side of the street, by means of which the level portion at that place was rendered so narrow that two carriages could not pass at the same time. There was a cart passing over the spot at the time the plaintiff attempted to pass with the wagon. It was proved that these heaps of rubbish had lain in the street all summer. The obstructions consisted of sand, gravel, &c., deposited by persons engaged in repairing buildings opposite the spot. The defendants' counsel moved for a nonsuit, on the ground that the defendants were not liable for damages occasioned by incumbrances in the streets; and the judge being of that opinion, nonsuited the plaintiff, who excepted. The judgment was affirmed at a general term, and the plaintiff appealed.

The cause was submitted to this court upon printed points, by

*John Fowler, Jr.,* for the appellant.

*R. J. Dillon* for the respondents.

DENIO, J. In the case of *Hutson and wife* v. *The Mayor, &c., of New-York* (*supra, p.* 163), we decided, at the last term, that the corporation of the city of New-York were liable for injuries sustained by a passenger, in consequence of a street being out of repair. In that case an excavation had

been made in the Fourth Avenue by the Harlem Railroad Company, by constructing the track of their road upon it, pursuant to an act of the legislature, and with the assent of the common council. In doing this, a deep excavation had been made in the traveled part of the street, leaving only a narrow space for passage, which had become very dangerous in consequence of the wearing away of the earth by the rains. It was suffered to remain in this state by the city authorities; and the plaintiff who was driving past it in a carriage was overturned and injured. We held the city corporation liable, for the reason that we conceived it to be its duty, under the 175th section of the act of 1813 (2 R. L., 407), to have amended and put in repair the portion of the street in question. The provision expressly authorizes the corporation to order and direct the altering and amending of the streets, and to collect the expense by an equitable assessment. The same principle had been held, in effect, by the former supreme court in *The Mayor, &c., of New-York* v. *Furze* (3 *Hill*, 612).

The present case is not within the statute or the principle of these decisions. Chambers-street is not shown to have been out of repair. It is one of the old paved streets of the city, and, for aught that appeared, the pavement was unbroken and in perfect order. The difficulty was, that certain persons, in violation of the city ordinances, had placed encroachments upon this street, rendering its use inconvenient, and to a certain extent dangerous. It did not appear that either the common council or any of its officers had notice of the existence of the nuisance, nor was it shown to what extent or under what restrictions individuals engaged in building may make use of portions of the street for a temporary deposit of the materials and rubbish. That subject is provided for in the city ordinances. It is improbable that any ordinance would have justified these piles of rubbish to have remained in the street for the length of time mentioned, if indeed it was not the duty of the parties con-

cerned to have removed them individually. By § 195 of the act just referred to it is made penal for any person to put or leave any unnecessary obstructions in any of the roads of the city ; and although this provision does not embrace the streets, strictly so called, there is no doubt but that the authority which the corporation possesses, to make all needful by-laws and ordinances for the good government of the city, confers upon it ample power to adopt suitable regulations upon this subject, nor but that the power has been exercised by the enacting of a series of rules deemed adequate to the exigencies of the case. The functions of a common council, as applied to this subject, are those of a local legislature, within certain limits, and are not of a character to render the city responsible for the manner in which the authority is exercised, or in which the ordinances are executed, any more than the state would be liable for the want of adequate administrative laws, or for any imperfections in the manner of carrying them out. The wrong complained of in this case arose either from the want of suitable municipal regulations, or from some negligence in the city officers in ascertaining the existence of the obstruction, or seasonably applying the proper remedy. A doctrine which should hold the city pecuniarily liable in such a case would oblige its treasury to make good to every citizen any loss which he might sustain for the want of adequate laws upon every subject of municipal jurisdiction, and on account of every failure in the perfect and infallible execution of those laws. There is no authority for such a doctrine, and we are satisfied that it does not exist. A similar question came before the superior court in *Levy* v. *The Mayor*, &c. ( 1 *Sandf. S. C. R*, 465), where it was attempted to make the city liable for an injury committed by swine running at large in one of the streets, on the assumption that the corporation are bound to provide for such a perfect execution of its ordinance upon that subject that no injury should ever occur. I entirely concur in the opinion of the court in that case, which was

delivered by the late Justice SANDFORD, and was adverse to the plaintiff. " It is the duty of the government," said the learned judge, " to protect and preserve the rights of the citizens of this state, both in person and property, and it should provide and enforce wholesome laws for that object. But injuries to both person and property will occur, which no legislation can prevent, and which no system of laws can adequately redress. The government does not guaranty its citizens against all the casualties incident to humanity and to civil society ; and we believe it has never been called upon to make good by way of damages its inability to protect against such misfortunes."

The foregoing considerations are sufficient to dispose of this case, without considering the further question whether there was not sufficient evidence of negligence on the part of the plaintiff in attempting, what it was impossible for him safely to do, to pass a place not wide enough for two vehicles, when one was already passing through it.

The judgment of the superior court ought to be affirmed.

ALLEN, J.   There are two insuperable objections to the right of the plaintiff to recover in this action.   First, the immediate and direct cause of the injury to the plaintiff was his own imprudent and negligent driving upon the pile of rubbish by which his carriage was overturned.   If the street was so obstructed from any cause that two vehicles could not pass each other at that point, he should, in the exercise of that care and caution which is required of every one, have waited until the way was clear.   In attempting to pass another carriage at that place in daylight, with the nature and extent of the encroachments upon the street fully visible, by driving over the obstruction, he did so at his peril.   The defendants should not be held responsible for his want of judgment or recklessness.   In actions of this kind, a party seeking redress for injuries should be held

to the exercise of ordinary care and skill, even if not required to be entirely without fault. Secondly, the defendants are not chargeable for any injury resulting from an obstruction of a public street not caused by their own act or the acts of their authorized agents, especially when notice of the obstruction is not brought home to the city authorities. A duty is devolved upon the common council of New-York in their legislative capacity to prevent by adequate laws all improper encroachments upon the highways, and to provide for the removal of all obstructions, as also to prevent other nuisances which might injuriously affect the health, property or rights of the citizen. This obligation is an imperfect obligation, and for its non-performance an action will not lie at the suit of an individual who may sustain injury by the omission. A municipal corporation, in the exercise of its functions and the performance of the duties imposed upon it by law, is responsible for the performance of those duties in a proper manner and with due skill and care ; and if by the improper, unskilful or negligent manner in which it performs an act lawful in itself, an injury ensues to an individual, an action will lie against the corporation for such injury. A corporation is held to the exercise of that degree of skill and care in the performance of any act within the legitimate scope of its duties which would be exacted from an individual; and in the use and occupation of its property it is bound by the same maxim, *sic utere tuo ut alienum non lœdas,* and is liable for an improper use by which individuals are injured. (*Brower* v. *New-York City*, 3 *Barb.*, 254.) Hence in *The Mayor, &c. of New-York* v. *Furze* (3 *Hill*, 612), the corporation, having constructed sewers, were held liable for an injury sustained by an individual, occasioned by the improper and insufficient manner of their construction and their want of repair. The duty of keeping in repair resulted from their construction, and was absolute. No other person was authorized to interfere, and the omission

to repair was the neglect of a positive duty. But I do not understand that an action could have been sustained for not constructing the sewers originally. So the omission of some positive duty imposed upon a corporation in respect to their own property, and which is solely the duty of the corporation, may authorize an action at the suit of an individual who has sustained some injury peculiar to himself; and so in *Henly* v. *The Mayor and Burgesses of Lyme* (5 *Bing.*, 91, *and* 1 *Bing. N. C.*, 222), the defendants were made liable for the non-repair of a sea wall according to the terms of a grant. But in the case before us, the placing and continuing the obstruction in the street was the act of a third person, a stranger to the defendants, and for whose acts they were not chargeable. The primary duty of removing the encroachment was upon him who placed it there and not upon the defendants. The duty of the defendants in the premises was rather executive, to compel an observance of the ordinances of the city by the wrong-doer, than themselves to remove the obstruction. If the encroachment upon the street was unlawful, it was a nuisance, and the remedy palpable and easy. 1st, Any citizen might lawfully abate it by his own act. (*Bac. Abr., Nuisance, C; Wetmore* v. *Tracy*, 14 *Wend.*, 250.) 2d, The individual who created and continued the nuisance was liable to indictment. 3d, An action would lie against the wrong-doer at the suit of any individual who should sustain any damage peculiar to himself and which was not common to the public. (*Pierce* v. *Dart*, 7 *Cow.*, 609.)

There is no precedent for the action, and no principle upon which it can be sustained. The judgment of the superior court should be affirmed.

All the judges concurred in the opinion of DENIO, J.

SELDEN, J., said that if the corporation had had *notice* of the obstruction, he would have held them liable.

Judgment affirmed