By the Court.—Sedgwick, Ch. J.
—The plaintiff was hurt by slipping upon an iron vault-cover in the sidewalk of East Fourteenth street. The cover was about eighteen feet from the curb of the .gutter, and about seven feet from what was assumed to be the coping of the area of the adjoining house. In a photograph of the premises no area appears, but the decision did not turn upon there being no area.
The plaintiff read in evidence certain city ordinances ; one (§ 188), was that the opening of the vault shall be either within twelve inches of the curb-stone of the sidewalk or within twelve inches of the area in front of the house, under the penalty of one hundred dollars. Another (§ 199), was that the commissioners of police are hereby directed to report to the commissioner of public works the owners or occupants of any store having vaults under the sidewalk, with covering over the opening thereto presenting a smooth surface, and the commissioner of public works is thereby directed to remove such covering and substitute therefor coverings presenting a rough surface and affording a secure foothold for pedestrians, and that any owner or occupant neglecting or refusing to comply with the directions contained in such notification for a period of six months should incur a penalty of $5 for *365 every day in excess of said six months, that such neglect or refusal should continue. Another (§ 99), was that all sidewalks should be raised from the curbstone in the proportion of two inches in ten feet, under the penalty of ten dollars, to be sued for from the person laying the same and the owner of the lot fronting on the sidewalk.
The plaintiff claimed that if these ordinances had been enforced, the accident would not have happened, and therefore their non-enforcement, under the circumstances, gave an action against the city.
It is manifest that the passing of these ordinances, and the city providing officers whose duty it should be to enforce them, are acts indicating care, and are not acts of negligence ; and decided cases show that an individual has no cause of action against the city from the officers of the ■corporation neglecting their duty to . enforce ordinances (Levy v. Mayor, 1 Sanf. 465; Griffin v. Mayor, 9 N. Y. 456; Lorillard v. Town of Monroe, 11 Id. 392). If this were not the law, it would be necessary to inquire whether it appeared that the ordinances had not been enforced, of that if they had been, how the enforcement would, have prevented the accident.
If, however, irrespective of the ordinances, there was an obligation toward the plaintiff on the part of the city, a failure to perform it giving him a right of action, and that ■obligation involved knowledge or notice of certain things, then if the ordinances proved that the city had such knowledge or notice, they would be competent evidence, to be properly applied to the facts proven.
The plaintiff’s case assumes that it was the duty of the ■city to use ordinary care and diligence to keep the sidewalk reasonably safe for passers in walking upon it, and that this comprehended the coveringof the vault. This duty existed, irrespective of the ordinances. The ordinance in section 192, does not tend to show that the city had knowledge that there was danger to passengers, of their slipping upon a vault-cover, more than twelve inches from the curb of the sidewalk, or more than twelve inches from the coping *366 of the area. It implies no more than that there were reasons, which it does, not appear were applicable to the danger of slipping. It may have been directed to the chance of passengers stumbling over the cover, or falling into the opening if the cover were displaced.
The ordinance in section 199 seems to imply that there was to the knowledge of the city danger of passengers slipping npon a vault covering, that presented a smooth surface and that did not present a rough surface which afforded a secure foothold for,pedestrians. This ordinance, however, did not enlarge the obligation of the city, beyond what the law otherwise deemed to be the duty of the city. In both instances, it would be necessary to prove that the city had been guilty of some want of care, in not preventing the maintenance of a smooth vault cover.
The ordinance in section 99, does not tend to show that it was passed because the city knew that unless the sidewalk was raised from the curbstone in the proportion of two inches in ten feet, there would be danger of passengers slipping upon it, or that the sidewalk would not be reasonably safe from that danger. If the ordinance meant' the proportion of two inches in ten feet, and no more, there-were other purposes, such as drainage, that were to be sub-served by such a pitch and if the danger of slipping was considered, then it intended that such pitch would be safe, while it did not pretend that any particular greater pitch would be unsafe.
The question therefore comes, did the plaintiff make a case, irrespective of these ordinances, which should have been submitted to the jury.
The vault-cover had been upon the sidewalk more than four years, and therefore the city was presumed to know of it being there, or to have been guilty of negligence in not learning of its being there. There was no proof that the city was negligent in allowing the vault-cover to be placed in the sidewalk or to remain there. The duty was, to use ordinary care to furnish a reasonably safe place to step upon. There was no proof that in the performance1 of this duty, the city *367 could resort to any test but the appearance presented by the exterior of the cover. It appeared by a witness for the plaintiff, who had a wide knowledge of the kind of covers used for vaults for many years back, that this cover was of a kind in common use. Of course, if the evidence had otherwise proved that this cover was dangerous, then that it was like other covers in common use, would not have tended to show, that the plaintiff had no action. But when the appearance of the cover is the test, then inasmuch as what is commonly used, may be considered to be reasonably safe, a similarity of appearance would tend to show that there was no negligence. There was no proof that this vault-cover had something peculiar to it, that distinguished it, individually, from others of its class, and that made it dangerous. What has been said particularly applies to the vault-cover as first placed in the sidewalk. There was nothing in the evidence to show that from use, it had apparently become dangerous. Common information enables us to say that continually stepping upon the-iron of the cover would make it smooth and slippery at some time, but not at some point of time before the accident, so that it would present an appearance of danger. The evidence on that point was given by the plaintiff himself, who testified that he slipped because it was a smooth surface; that he only noticed the cover after he was taken up, after his fall; that he could llot tell how near the-center of the cover he placed his foot; that it had been snowing, and that the sidewalk was covered with slush from the melting snow. The vault-cover was produced to the witness, and he was asked: “ Where is the smooth surface about that % A. It is all smooth. Q. Where ? A. The whole surface, if you put some snow on it you will find it smooth enough. Q. You mean to say, that because it is iron and because these little grooves run from the center to the edge here, it is a smooth surface ? Is that what you mean \ A. I mean it presents no foothold for the foot, so that on slippery days a man would slip off it, as if it was a piece of ice.” It is evident that the plaintiff did not *368 mean to testify that there were places on the cover, where the iron had been so worn that they presented a slippery surface, irrespective of the slush that had been on it, at the accident; but that the cover and the slush upon it presented a smooth slippery surface.
It might have been a question for the jury, perhaps, if the condition of the cover before the accident had been sufficiently proven, to say whether it was proper caution to leave the cover as it was, in view of the possibility or probability of a fall of snow making it slippery. The defect is, .that it does not appear on this appeal, that before the accident the cover presented such an appearance that the question could go.to the jury.
The cover itself was produced on the trial but not on the appeal. A photograph of the sidewalk and the cover in it, was proven. Oral testimony that made reference to its appearance was given. On this appeal, it does not appear that there was an appearance of a slippery surface, or one likely to become slippery when snow fell, in any other sense than would apply to the cover when it was first put in, or indeed, to all vault covers whatever. It appeared that all covers, however rough in construction, would be slippery after the recesses in them were filled with snow.
There was no negligence shown as respects the pitch of the cover and the stone in which it was, being dangerous. It was shown by a witness for plaintiff, that the pitch was not greater than was commorily in use in the streets.
There was no negligence, in respect of the place where the vault cover was inserted in the sidewalk, for as respects the actual cause of the accident defendant’s duty is performed when a safe place to walk upon is furnished.
The judgment is further attacked as containing an extra allowance of $500. This had been granted after the verdict was rendered, but without notice and as the plaintiff thought, ex parte. He therefore,-made a motion to set the order giving the allowance aside, on the ground that the order should have been made upon notice. I think the denial of this motion was correct, because if there had *369 ■been originally an incorrect practice, the hearing of the motion was practically as to whether there should be an. allowance. But I think the amount of the allowance should fctf reduced to $100.
Judgment modified by the reduction of the allowance, z ad as modified, affirmed with costs.
Order denying motion, as to insertion of allowance, in judgment modified by making the allowance $100, and as modified, affirmed with costs.
O’Gorman, J., concurred.