57  327
132a 145

57  327
15ap230

GEORGE W. COONLEY, Appellant, *v.* THE CITY OF ALBANY, Respondent.

*Municipal ordinance — the city is not liable for the damage resulting from its not being enforced by the city officers charged with the execution thereof —* ultra vires.

In an action brought to compel the city of Albany to pay the damages alleged to have resulted from its failure to remove a sunken boat from the Hudson river, in front of one of the piers of the city, it appeared that by the charter of the city the common council were made commissioners of highways, with power to make ordinances " in relation to the construction, repairs, care and use of the markets, docks, wharves, piers, slips and squares of the city," and also to prevent all obstructions in the river, near or opposite thereto; and that an ordinance had been passed by the city directing that " whenever any vessel, loaded or empty, shall, by accident or otherwise, be sunk at any dock, wharf or slip, or anywhere in the Hudson river opposite to the city of Albany," the street commissioner should give notice to the owner, or, in case the owner was unknown, in one of the city newspapers, directing the removal of said vessel. If such notice was not complied with he was to take possession of the vessel, remove the same and sell it, or so much of the loading thereof as would pay the expense of such removal.

*Held,* that the fact that the city did not enforce its own ordinance did not render it liable to one who was damaged by reason of its failure to remove a sunken boat from the bed of the river in front of his private dock.

That the provision of the ordinance, so far as it authorized a sale of the boat, was *ultra vires,* as the city was only authorized to enforce its ordinances by ordaining penalties for their violation.

APPEAL by the plaintiff, George W. Coonley, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 22d day of January, 1890, with notice of an intention to bring up for review, upon such appeal, an order, entered in said clerk's office on the same day sustaining a demurrer to the plaintiff's complaint and ordering final judgment thereon.

The action was tried before the court at a Special Term thereof held in the county of Albany on the 29th day of October, 1889, upon an issue raised by the demurrer interposed by the defendant to the plaintiff's complaint. The demurrer was sustained and the complaint was dismissed, with costs.

The complaint alleges that the plaintiff was the owner of a dock upon the Hudson river, within the city of Albany, adapted to and valuable for the lading, unlading and storage of merchandise from

vessels; that on the 26th day of September, 1888, a canal-boat loaded with iron, while navigating the river sunk at the said dock, and thereby obstructed its use to plaintiff's damage; that the defendant assumed the duty of keeping the river free from obstructions by section 10, chapter 42 of the ordinances of the city of Albany, which reads as follows:

"Whenever any vessel, loaded or empty, shall, by accident or otherwise, be sunk at any dock, wharf or slip, or anywhere in the Hudson river opposite to the city of Albany, and within jurisdiction thereof, it shall be the duty of the street commissioner, under the direction of the mayor, to give notice to the owner, proprietor or any person sailing such vessel, to remove the same within twenty-four hours; and in case the owner or proprietor is unknown, and there is no one that sails the same, to give notice in one of the newspapers printed in the city of Albany at least one week, directing the removal of such vessel as aforesaid; and if the said notice is not complied with, then it shall be lawful for the street commissioner to take possession of such vessel, craft, boat or flat, and to remove the same, and at public auction to sell such vessel, or so much of the loading thereof as will pay the expenses of such removal."

That on the 28th and 29th days of September, 1888, written notices of such facts, stating the name and owner of the boat, and requesting the removal of the same, were served upon the street commissioner and the mayor, a copy of which notice is annexed to the complaint. That on the 29th day of September, 1888, the mayor gave the street commissioner written directions to remove said boat; that said street commissioner took the preliminary steps, as provided by the city ordinance, to accomplish that result, and notified the owner to remove the boat, but finally, on or about the 26th day of October, 1888, declined to remove the same, or to do anything more towards that end; that thereupon plaintiff employed the firm of Payne & Co. to remove the said boat, and paid them for the work $314.79, besides having suffered other damage to the amount of $1,000, by reason of said sunken boat not being removed by said street commissioner within a reasonable time.

By reason of said facts plaintiff asked for judgment against the city of Albany for $1,414.79.

The defendant demurred upon the ground that the facts stated did not constitute a cause of action.

*Ward & Cameron*, for the appellant.

*D. C. Herrick*, for the respondent.

LANDON, J.:

The fact that the defendant has adopted an ordinance, providing a method for the removal of vessels sunken at any of the docks of the city, does not charge it with the duty of enforcing the ordinance nor make it liable for its non-enforcement. Section 44 of title 3 of its charter, chapter 298, Laws of 1883, reads as follows: "Nothing contained in this act shall be so construed as to render the city of Albany, or any of its officers, liable in damages or otherwise to any person or persons or corporation for any omission to pass any ordinance, regulation or resolution pursuant to the provisions hereof, or for a failure to enforce the same." That a city does not enforce its own ordinance does not render it liable. Its liability must arise from its failure of duty with respect to the subject-matter in question. (*Stillwell* v. *Mayor*, 17 J. & S., 360; S. C., 96 N. Y., 649.)

The present charter of the city, chapter 298, Laws of 1883, title 3, section 14, subdivision 27, makes the common council commissioners of highways for said city with power to make ordinances "in relation to the construction, repairs, care and use of the markets, docks, wharves, piers, slips and squares of the city." Obstructions in the river itself are not here embraced. But the learned counsel for the appellant cites chapter 185, Laws of 1826, section 15, which declares that the common council are constituted commissioners of highways with power to pass ordinances "To prevent all obstructions in the river near or opposite to such wharves, docks or slips," and alleges that it is still in force. Assuming this claim to be true, it will be observed that the act of 1826 does not require the city of Albany to keep the navigable waters within the city free from obstructions, but vests it with the legislative power to enact an ordinance to that end. *Winpenny* v. *Philadelphia* (65 Penn. St., 135) is cited. There the statute required the city to keep the navigable waters within its limits free from obstruction, and the city was held liable for injuries consequent upon its neglect to observe the requirement. In *Hart* v.

*Mayor, etc., of Albany* (9 Wend., 571) an ordinance like the one in question was held void, for the reason, among others, that the power given to the city to enforce its ordinances was limited to a penalty upon the violators not exceeding twenty-five dollars; whereas the ordinance then, like the ordinance now, provided for the removal and sale of the sunken boat, that is, its confiscation. The present charter confers no power to authorize or direct the sale of the boat, but does confer power upon the city to enforce its ordinances by ordaining penalties for each and every violation, not exceeding $100. (Chap. 298 of 1883, tit. 3, § 14.)

An ordinance in excess of the legislative power of the common council is void. This ordinance, so far as it directs the sale of private property, is, therefore, void. It is urged that the sunken canal-boat was a nuisance in that it obstructed navigation. No doubt it was, and if there was no other practicable way to abate it except by its destruction, it might have been destroyed. But whoever under-took to act for the public and to destroy it must be prepared to show that he did it under the requirement of a great and overruling public necessity. (*Hicks* v. *Dorn*, 42 N. Y., 47.) So far as the case shows, the necessity for its destruction was rather private than public. It injured the business usually coming to the plaintiffs' dock. The *People* v. *Corporation of Albany* (11 Wend., 539), is cited. It was there held that the city was indictable for not abating a public nuisance, injurious to the public health, caused by the accumulation in the Albany basin of noxious substances. The court cited the act of 1826 and held that the city had the power to cleanse the basin, and it was, therefore, its duty to do it, if that act was necessary to protect the public health. But the court held that the city had no power to destroy a bulk-head which was private property, but which by its situation caused the noxious materials to settle in the basin instead of being carried along by the current. The bulk-head was no nuisance though the cause of one. In such a case it is obvious that if the public authorities do not abate the nuisance, it will remain unabated. There is a plain difference between the protection of the public health and the protection of the plaintiff's business from accidental obstruction; it may be the duty of the government to provide for one and of the plaintiff to provide for the other. But in the case of a public

nuisance, injurious to health, we do not think that an individual whose health becomes thereby impaired can maintain an action against the city for the medical expenses he incurs and the loss of business he sustains in consequence of his impaired health, or if he should choose to abate the nuisance, for the expense which he incurs in so doing. If the city is liable, it is liable for the direct, and not the remote and contingent, consequences of its negligence. The city had no agency in sinking the boat. If liable at all, its liability would be limited to the damages naturally consequent upon its failure to remove it. The expenses incurred by the plaintiff would not be thus incurred. They would be incurred or not at the plaintiff's election. Damage to his business or impairment of the value of his property might naturally follow. We find nothing in any statute requiring the city to relieve the plaintiff from the burden of protecting his own business and property from loss occasioned by the obstruction and burden caused by the act or omission of third parties. Besides, the Hudson river within the city of Albany is part of the highway for State, interstate and foreign commerce, and is subject to regulation and improvement by congress. The State may exercise such control as does not interfere with the power vested in congress, and may require the city of Albany to provide such control with respect to the portion of the river within its limits. (*Mobile* v. *Kimball*, 102 U. S., 691.) So far as the State has authorized the city to aid its commerce by removal of obstructions in the river, the authority is in the nature of a privilege, which, under its charter, the city ought to exercise for the general corporate welfare, but not to relieve private owners of docks from proper private expense. The river is not a highway of the city. (*Seaman* v. *Mayor*, 80 N. Y., 239.)

The judgment is affirmed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment affirmed, with costs.