(15 App. Div. 229.)

STUDEOR v. VILLAGE OF GOUVERNEUR.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

VILLAGES—NEGLIGENCE—OBSTRUCTION OF STREETS.
    A village of about 4,000 inhabitants is not chargeable with negligence in permitting two wagons to stand in the street in front of a wagon shop for two or three days, in violation of a village by-law, where plaintiff was injured by her horse taking fright at such wagons.

Appeal from trial term, St. Lawrence county.

Action by Emily M. Studeor against the village of Gouverneur to recover for personal injuries. From judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

William Neary, for appellant.
Henry Purcell, for respondent.

LANDON, J. On the evening of the 29th day of June, 1895, the plaintiff was seated in her buggy, driving northerly, at a "stiff gait," along Clinton street, in the village of Gouverneur, when her horse shied at sight of two lumber wagons standing upon the west side of

the street, in front of a wagon shop.    The street was not lighted, except by lights in the buildings, and to some extent by the moon. The horse sprang towards the opposite side of the street, and came in collision with a team and heavy wagon coming in an opposite direction.    The plaintiff was thrown violently upon the ground, and severely injured.    The wagons in front of the shop, or one of them, had been standing there two or three days.    The defendant is charged with negligence, because the village authorities suffered these wagons to stand there.    The street was three rods wide, and the wagons did not obstruct the plaintiff's passage or that of any other travelers.

We do not think the recovery ought to be sustained.    The village of Gouverneur has a population of between 4,000 and 4,500.    Clinton street, upon which this accident occurred, is not the principal business street of the village.    In a large city, like New York, it may be negligence, amounting to a nuisance, to permit a wagon to stand permanently upon the side of the street.    Cohen v. Mayor, etc., 113 N. Y. 532, 21 N. E. 700.    But the conditions in that city are unlike those in the village of Gouverneur.    The customs are different, and in such a village the propriety of according accommodation to tradesmen and persons in industrial occupations in front of their respective places of business should be measured, as it is in New York and in the large cities, by the prevailing conditions.    Negligence is relative. In determining its presence or absence in a given case, the abstract terms commonly used to define it may mislead, unless accompanied by a just appreciation of all the conditions.    Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, which holds that a city is not bound to guard against a danger it could not reasonably anticipate, is in point. We think that the evidence in the case before us, tending to show that the village authorities knew that it was not unusual for two or more wagons to stand temporarily upon the west side of Clinton street, in front of the wagon shop there, and that, knowing it, they did not take any steps to remove the wagons, although there was a by-law of the village which they could have invoked for the purpose, does not justify the finding of negligence against the defendant.    The defendant is not liable because its trustees did not enforce this by-law. Coonley v. City of Albany, 57 Hun, 327, 10 N. Y. Supp. 512; Toomey v. City of Albany (Sup.) 14 N. Y. Supp. 572; Griffin v. Mayor, etc., 9 N. Y. 456.    No doubt, the by-law is a useful power to have when needed to prevent abuses, but it would be an unreasonable one, and become an abuse itself in such a village, if resorted to upon every casual or temporary violation of it.

But it is claimed that the wagons were an obstruction to the street, because likely to frighten horses.    It has been held that such objects as are likely to frighten horses of ordinary gentleness ought not to be suffered to remain in deposit upon the side of the streets or highways.    Tinker v. Railroad Co., 71 Hun, 431, 24 N. Y. Supp. 977; Id., 92 Hun, 269, 36 N. Y. Supp. 672; Eggleston v. Turnpike Road, 82 N. Y. 278.    The tendency of some objects to frighten horses may perhaps be assumed from our knowledge of the habits of horses, and from the strange form and rare presence of such objects upon the streets.    But ordinary wagons are neither strange nor rare.    Evi-

dence was given in the Eggleston Case, and in Champlin v. Village of Penn Yan, 34 Hun, 33, tending to show that the pile of stones in the one case, and an overhanging banner in the other, had frightened horses before the .occasions complained of. In the absence of evidence tending to show the liability of horses to take fright at wagons, we think the jury had no right to assume it. It is safer to assume that a horse that will shy at common wagons upon the road or standing by the roadside in the day or night time is not of ordinary gentleness, or is of defective training, or needs to be firmly held in hand by the driver. We think the motion of the defendant for a nonsuit should have been granted.

The judgment and order should be reversed; new trial granted; costs to abide the event. All concur.