of raising the main question presented to the court,—to direct the sale of the lands in accordance with the will. The executors, however, cannot and ought not to expose themselves to further objections in the care and management of this estate by incurring expenditures that may be questioned in future accountings. It would seem that the safe course for them to pursue for their interests, and those of the estate, is to take directions from the supreme court, having comprehensive jurisdiction over trusts and trustees, as to the time and manner of disposition of the real property in question,—whether it should be sold in bulk or in piece, the lowest prices to be accepted, the terms on which to sell, and all other points on which they may desire to be instructed. A decree may be presented allowing the accounts as filed, and containing a direction that the executors and trustees apply to the supreme court, within four months of the entry of this decree in such action or proceeding, for such instructions and directions in the premises, including those mentioned, as they may be advised.

Ordered accordingly.

(20 Misc. Rep. 174.)

### STEWART v. J. HARPER BONNELL CO.

(City Court of New York, General Term. April 28, 1897.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Plaintiff in an action on a note testified that he paid defendant full value in money for it. Defendant denied that there was any consideration for the note. On cross-examination plaintiff testified that the money was found on his mother's body after her death. A verdict was rendered for plaintiff, and defendant moved for a new trial on the ground of newly-discovered evidence consisting of an affidavit by plaintiff, in a proceeding to assess his mother's estate under the inheritance tax law, that she had no personal estate. Held, that the motion was properly denied, because such affidavit only tended to discredit testimony of plaintiff elicited by defendant.

Appeal from special term.

Action by Henry H. Stewart against the J. Harper Bonnell Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

The opinion of SCHUCHMAN, J., at special term is as follows:

"This is a motion for a new trial upon the ground of newly-discovered evidence. The case was tried before me and a jury, and the jury rendered a verdict in favor of the plaintiff. The cause of action was on a $500 note made by the defendant's company to the order of the plaintiff. The defense was that no value had been given for the note, and that a blank note signed by the defendant had been left with the plaintiff, who was at the time a quasi manager of defendant, to fill up the same, for business purposes only, and that he appropriated the note for his own use. On the trial the plaintiff was the sole witness on the complainant's part, and the president of the defendant company was the sole witness on the defendant's part. The plaintiff testified at the trial that he gave $1,000 cash to the president of defendant's company for two notes of $500 each; that he paid the money in cash in denominations of $100, $50, and $20 bills, and that he got the money from his wife, who got it from his mother, who carried it in a little pocketbook with a string around her neck on her bosom at the time she died in February, 1896, in the city of Philadelphia; and that he paid that $1,000 in cash to the president of defendant com-

pany for said two $500 notes. The president of defendant company at the trial unqualifiedly denied that he ever received any money whatsoever on the said two notes from the plaintiff. Thus we find oath against oath on the only material issue in the case. It is a hard case, because one or the other party deliberately swore to a falsehood. On the trial the defendant's attorney questioned the plaintiff as a witness, while on the stand, as to where he got the $1,000 cash from, and the witness answered that he got it from his wife, who took it from the bosom of his mother. The defendant now moves .for a new trial on newly-discovered evidence, to wit, that immediately subsequent to the death of the plaintiff's mother in Philadelphia the plaintiff swore in the Philadelphia court, in taking out letters of administration of his mother's estate, and in the appraisement of his mother's estate for the purpose of inheritance taxation, that the personal estate of his mother amounted to nothing in one instance, and in the other that it did not amount to $500. These declarations were made by the plaintiff in writing in the shape of a petition and affidavit. Thus we are confronted with the situation as follows: That, while the plaintiff testified in this case that he received that money which he paid to the president of defendant company, and for which he received the $500 note in suit, and another of the same amount, from his wife, who took it from his mother's bosom at the time of her decease, he made the declarations in writing and under oath in the Philadelphia court that his mother's estate left no personal property whatsoever, or not exceeding the sum of $500. The defendants now want a new trial on that newly-discovered evidence. But the fact is that they only want to discredit the plaintiff on his testimony adduced at the trial that he got that $1,000 from his mother's bosom, by his declarations made in the Philadelphia court, stating that his mother's estate left no such amount of money. In other words, the defendants want to impeach the plaintiff as a witness in regard to a fact which they themselves brought out. Philips v. Lewis, 42 N. Y. Supp. 707. This I hold is no ground for a new trial on such discovered evidence. See Carpenter v. Coe, 67 Barb. 411; Nelson v. Neil, 12 N. Y. Wkly. Dig. 161; Baylies, New Trials, p. 524, etc. The costs on such a motion are not discretionary. Davis v. Grand Rapids Fire Ins. Co., 5 App. Div. 36. Motion denied, with costs."

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

Harrison & Byrd, for appellant.
Burnett, Stayton & Hagen, for respondent.

PER CURIAM. Judgment and order affirmed upon the opinion of Justice SCHUCHMAN, with costs to the respondent.