SPRIGG v. DICHMAN. (Supreme Court, Appellate Division, First Department. October 15, 1897.) Action by Carroll Sprigg against Ernest Dichman. No opinion. Motion granted, with $10 costs.

SPRINGVILLE WATERWORKS CO., Respondent, v. VILLAGE OF SPRINGVILLE, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by the Springville Waterworks Company against the village of Springville. No opinion. Judgment affirmed, with costs.

STANTON, Respondent, v. RUPERT, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Charles M. Stanton against Justus Rupert. No opinion. Judgments of the county court and of the justice's court reversed, with costs. Held, the complaint is clearly to recover upon quantum meruit, and the justice erred in excluding the evidence offered by the defendant to show the value of the work and services performed.

STEINHERZ, Appellant, v. SUPREME COUNCIL OF THE ROYAL ARCANUM, Respondent. (Supreme Court, Appellate Division, First Department. October 22, 1897.) Action by Catherine Steinherz against the Supreme Council of the Royal Arcanum. H. B. Salisbury, for appellant. S. M. Lindsley, for respondent. No opinion. Judgment affirmed, with costs.

In re STEWART'S ESTATE. (Supreme Court, Appellate Division. Fourth Department. October 15, 1897.) In the matter of the appraisement of the estate of Mary E. Stewart, deceased, for the purpose of imposing a legacy tax. No opinion. Order affirmed, with costs to the respondent, payable out of the fund.

STEWART, Respondent, v. J. HARPER BONNELL CO., Appellant. (Supreme Court, Appellate Term. October 1, 1897.) Action by Henry H. Stewart against J. Harper Bonnell Company. Harrison & Byrd, for appellant. Burnett, Stayton & Hagen, for respondent. No opinion. Appeal from order dismissed. Judgment affirmed. See 45 N. Y. Supp. 735.

STINESVILLE & B. STONE CO., Respondent, v. WHITE, Appellant. (City Court of New York, General Term. October 26, 1897.) Action by the Stinesville & Bloomington Stone Company against George W. White. Parsons, Shepard & Ogden, for appellant. Jacob Fromme, for respondent.

PER CURIAM. The plaintiff sold and delivered stone to the defendant. This action was brought to recover the agreed-upon value of the same. The defendant pleaded, among other things, that the plaintiff warranted and agreed that the stone to be shipped to him under such agreement should be the best quality of stone, and in first-class condition, and thoroughly scappled, and that it should not weigh more than 160 pounds to the cubic foot; that the stone shipped was worthless, and a large portion was not scappled, and weighed on an average 175 pounds to the cubic foot, and thereby damage was done to the defendant. The warranty alleged by the defendant, in our opinion, survived the acceptance by him of the stone, and any damage done him by reason of its violation was a proper counterclaim against the plaintiff's cause of action. Upon the trial the defendant attempted to introduce evidence tending to sustain his counterclaim and prove his damage, and such evidence was excluded by the trial judge; and his ruling in that respect was error. and entitled defendant to a new trial. Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

STRONG, Plaintiff, v. SUTPHIN, Defendant. (Supreme Court, Appellate Division, Second Department. October 19, 1897.) Action by Benjamin G. Strong against John H. Sutphin, as county clerk of Queens county. No opinion. Judgment for defendant, on agreed statement of facts, that borough coroners for the borough of Queens are to be elected at the general election in 1897, on the authority of People v. Blair (Sup.) 47 N. Y. Supp. 495.

STUDEOR v. VILLAGE OF GOUVERNEUR. (Supreme Court, Appellate Division, Third Department. May 5, 1897.) Action by Emily M. Studeor against the village of Gouverneur. No opinion. Motion denied. See 44 N. Y. Supp. 122.

SWAN, Plaintiff, v. MUTUAL RESERVE FUND LIFE ASS'N, Defendant. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) Action by Joseph L. Swan against the Mutual Reserve Fund Life Association. No opinion. Motion granted. Questions stated in the moving papers, and also the further question, viz.: "Does it appear on the face of the complaint that there is a defect of parties defendant, in that the acts and omissions therein alleged were the acts and omissions of the officers and directors of the defendant corporation charged with the management of its affairs, and that none of such officers and directors are made parties herein?" See 46 N. Y. Supp. 841.

In re SYRACUSE RAPID TRANSIT RY. CO. (Supreme Court, Appellate Division, Fourth Department. October 15, 1897.) In the matter of the application of the Syracuse Rapid Transit Railway Company for the appointment of commissioners to determine whether a street surface railroad should be constructed and operated in Walnut avenue between East Genesee street and University place, in the city of Syracuse, Onondaga county, N. Y. No opinion. Motion granted, and Hon. James C. Smith, of Canandaigua, N. Y., Hon. Edmund L. Pitts, of Medina, N. Y., and Stephen E. Babcock, of Little Falls, N. Y., appointed commissioners. Order to be certified to Onondaga county.