HERMAN BOLSENBROEK, JR., an Infant, by His Guardian ad Litem, HERMAN BOLSENBROEK, SR., et al., Respondents, *v.* TULLY & DI NAPOLI, INC., Appellant, et al., Defendants.

First Department, March 16, 1961.

*Thomas P. O'Malley* of counsel (*George J. Conway,* attorney), for appellant.

*Bernard Meyerson* of counsel (*Max J. Merbaum* with him on the brief; *Harry Wynn,* attorney), for respondents.

McNALLY, J. P. A burning rag thrown on the face of the infant plaintiff, a lad of nine, caused injuries for which he and his father have recovered verdicts of $8,250.

Prior to February 21, 1956, defendant-appellant had excavated a street ditch for the purpose of installing utility conduits. Defendant-appellant had barricaded the sidewalk side of the ditch; a mound of dirt was raised between the ditch and the street and, prior to the occurrence, lighted smudge pots had been placed along the street side of the ditch to warn vehicular traffic of its presence.

The infant plaintiff testified that on said date he was on the sidewalk; he observed one or more smudge pots had been moved into the ditch and a bonfire started; a boy placed a rag into the

flame and the rag ignited; another boy removed the burning rag with the end of a stick and twirled it. The burning rag was thus thrown upon the infant plaintiff's face causing the personal injuries for which this suit was brought.

All the requirements of the permit for the excavation in respect of barricades and night lighting were observed by defendant-appellant. (*O'Callaghan* v. *Commonwealth Eng. Co.*, 247 N. Y. 127; *Johnson* v. *City of New York*, 208 N. Y. 77.) The smudge pots were of the type customarily employed in street excavations at and after twilight.

The evidence was that on several occasions prior to the occurrence children had been observed playing in and removing smudge pots into the ditch. Defendant-appellant employed a watchman between 4:00 p.m. and midnight whose duty it was to tour its various excavations in a pickup truck; he usually made two or three trips during this span of duty.

The smudge pots here involved are not dangerous instrumentalities. (*Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110; *Meyers* v. *120th Ave. Bldg. Corp.*, 9 A D 2d 931.) Defendant-appellant was required to exercise reasonable care in employing proper safeguards to prevent those lawfully using the street from falling into the ditch. Towards that end, in accordance with the conditions of the permit for the excavation, the defendant-appellant supplied the required lighting after twilight. In the circumstances the defendant-appellant was not required to fence off the ditch or station a watchman thereat. (*Johnson* v. *City of New York, supra*, p. 82.) "Even if there be some duty on one lawfully using the city streets for the construction of a building not to create a condition which is inherently dangerous for children who might play there, he is not under any affirmative duty to make the place entirely safe for children or to protect them against the ordinary hazards of boyhood." (*O'Callaghan* v. *Commonwealth Eng. Co., supra*, p. 130.)

Moreover, the infant plaintiff's assault by an unidentified boy was not reasonably foreseeable. (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339; *Beickert* v. *G. M. Lab.*, 242 N. Y. 168; *Perry* v. *Rochester Lime Co.*, 219 N. Y. 60; *Morse* v. *Buffalo Tank Corp., supra.*) The assault was the intervening and competent producing cause of the occurrence and injuries. (*Saugerties Bank* v. *Delaware & Hudson Co.*, 236 N. Y. 425; *Perry* v. *Rochester Lime Co., supra*; *Gralton* v. *Oliver*, 277 App. Div. 449.) The act of a party sought to be charged is not to be regarded as a proximate cause unless it is in clear sequence with the result and unless it could have been reasonably anticipated that the consequences complained of would result from the alleged

wrongful act. (*Saugerties Bank* v. *Delaware & Hudson Co., supra,* p. 430.)

" Since the evidence as to the cause of the accident which injured plaintiff is undisputed the question as to whether any act or omission of the defendant * * * was a proximate cause thereof was one for the court and not for jury." (*Gralton* v. *Oliver, supra,* p. 454; see, also, *Hoffman* v. *King,* 160 N. Y. 618, 628; *Trapp* v. *McClellan,* 68 App. Div. 362, 365.) The evidence on proximate cause is undisputed and therefore the issue was one for the court to decide.

We conclude the plaintiffs-respondents failed to establish their causes of action. Were we of the opinion that the evidence presented factual issues on liability, we would be in accord with the views expressed in the dissent.

The judgment should be reversed, on the law and the facts, and the complaint dismissed, with costs to defendant-appellant.

STEUER, J. (dissenting in part). A majority of the court is of the opinion that the facts adduced at the trial fail to establish a cause of action. The infant plaintiff was standing either on the sidewalk or in the roadway, looking down at some boys playing in a trench. The trench had been excavated by defendant for the purpose of installing certain utilities and was made pursuant to municipal permit. The trench was marked off from the sidewalk by barricades and flares of the usual smudge pot type were placed about the trench. One of the boys in the excavation ignited a rag from the flame of one of the flares, whirled the rag about and let it fly. It struck plaintiff causing the injuries complained of.

There can be no doubt that the streets must be maintained not only for those who use them for travel but also for those who use them for any other legitimate purpose. (*Langlois* v. *City of Cohoes,* 58 Hun 226; *Leggett* v. *City of Watertown,* 55 App. Div. 321.) And that includes one who uses the highway to observe what is to be seen even if what is observed is a source of danger. (*Johnson* v. *City of New York,* 186 N. Y. 139.) Of course liability would depend on responsibility for the danger, but the user of the street is not barred from recovery because a desire to witness what was dangerous was the cause of his being there. So that provided a duty was owed to plaintiff and that duty violated, he can recover.

It is elementary that one who excavates in the highway even pursuant to permit owes a duty of protection to the public from the hazards created by the excavation. (*Brown* v. *Welsbach Corp.,* 301 N. Y. 202.) The usual hazard to which pedestrians and vehicles are exposed is the possibility of falling into the

excavation and the hazard is met by the erection of barricades and suitable lighting. There is no claim that defendant failed in this respect. The question is whether that is the limit of its duty.

One who is permitted to appropriate a portion of the highway either permanently or for a period owes the same duty as to the portion appropriated as does the municipality. That duty is to use reasonable care that injury does not result from the obstruction of the highway. While contact with the obstruction is the usual way in which such accidents occur, it is not the only way and liability is not confined to such instances. (*Studeor* v. *Village of Gouverneur,* 15 App. Div. 229.) It would therefore follow that whether a duty was owed is not precluded by the fact that plaintiff neither fell into the excavation nor came in contact with it.

As defendant's duty is to use due care, its liability, if any, is to be determined by the rules of negligence. So the first question is whether ordinary prudence would reasonably foresee that the trenches would become the unauthorized playground of children and, if so, whether that same prudence would foresee danger as a reasonably probable consequence of such use. If so, a duty is engendered.

The resolution of both these questions favorably to the plaintiff still does not establish a cause of action. Even if a duty is owed, is it a duty to take reasonable means to prevent occupation of the trenches beyond those of barricading or would the duty be met by ejecting those known or discovered to be there? If the latter correctly states the law, plaintiff has failed because the record lacks any proof of notice, either actual or constructive, of the particular occupation that caused the injury. A duty to prevent would arise only when the facts adduced satisfied the trier of the facts that in the absence of some supervision such invasions would be expected by a reasonably prudent person. The circumstances would dictate the degree of care required. So that whether prevention or cure determines the standard of care would depend largely on the degree of likelihood that the trenches would be so used. Even if prevention became the indicated standard of care in the particular neighborhood, prudence would not require nor feasibility permit a constant guard on the long lines of trenches excavated. Whether defendant took whatever steps would meet the test of effective prevention as limited by practicality would determine whether it met its duty.

Arguments and analogies drawn from cases involving the degree of supervision required in the care of school children

at exercise or play are more likely to be misleading than helpful in this situation. It is to be noted that this case does not concern any possible duty to the boys playing in the trench; nor does the indicated solution even suggest that any duty to them exists.

The problem of intervening cause does not arise in this case. Where the negligence charged is the failure to provide against danger from an outside source, by definition the effect of that outside source is not an intervention. Many familiar examples will occur. The failure to take proper measures in regard to fire prevention is not excused by the fact that causing the fire is not chargeable to the defendant. (*Friedman* v. *Shindler's Prairie House,* 224 App. Div. 232.) The same applies where a municipality is under a duty to provide police protection. The fact that the injury was the criminal act of a third person (surely an intervening act) is of no consequence. (*Schuster* v. *City of New York,* 5 N Y 2d 75.) Quite properly the question of intervening cause is rarely discussed in such cases. But it has been on occasion (*Henningsen* v. *Markowitz,* 132 Misc. 547) and been found not to apply.

Of course, the related question of foreseeability is a factor, but even if there is no dispute as to what happened, whether or not it could reasonably be foreseen remains a question of fact.

While the record contains evidence that might allow findings on all of the questions upon which liability depends, there is no way of knowing how the jury would have resolved them, as these issues were not presented in a way that could have been intelligible to lay minds. In order to have them passed upon a new trial is needed.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

STEVENS, EAGER and BASTOW, JJ., concur with McNALLY, J. P.; STEUER, J., dissents in part and votes to reverse and order a new trial, in opinion.

Judgment reversed, on the law and on the facts, and the complaint dismissed, with costs to appellant.