MARGARET SHEEHY, Appellant, v. HENRY S. BURGER et al.,
Respondents.

In an action to recover damages for injuries alleged to have been occasioned by defendants' negligence, plaintiff's evidence tended to show that she was standing at the corner of S. and C. streets, in the city of B., when a cart loaded with lumber belonging to defendant was passing, just as she stepped off the sidewalk to cross S. street the cart turned into C. street, and some planks dragging behind it swept around and struck her, inflicting the injury complained of. The court nonsuited plaintiff on the ground that she was guilty of contributory negligence. *Held*, error; that plaintiff's failure to observe the rather unusual and dangerous appendage to the cart, and to calculate the sweep it would make in turning the corner, could not be held, as matter of law, conclusive evidence of negligence on her part; but it was a question for the jury.

(Argued June 24, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of defendants, entered upon an order nonsuiting plaintiff on trial, and affirming an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been occasioned by defendants' negligence. Plaintiff's evidence tended to show that she was standing on the sidewalk at the corner of State and Columbia streets, in the city of Brooklyn, intending to cross State street. A cart, in the employ of defendants, loaded with long plank and timber, some of which were dragging on the ground behind the cart, was passing the crossing on State street; just as she stepped off from the sidewalk the cart turned to go into Columbia and the plank swept around, some three or four feet over the sidewalk, striking the plaintiff and seriously injuring her. She did not see that the plank were dragging behind the cart until it turned. No warning was given to her by the driver or any other person.

*Nathaniel C. Moak* for the appellant. The case should have been submitted to the jury. (*Hackford* v. *N. Y. C. R.*

*R. Co.*, 53 N. Y., 654; *Spooner* v. *Bklyn City R. R. Co.*, 54 id., 230; *Gillespie* v. *City of Newburgh*, id., 468; *Sheehan* v. *Edson*, 2 L. J., No. 22, May 29, 1875, p. 352; *Colegrove* v. *N. Y. and H. R. R. Co.*, 20 N. Y., 492; *Moody* v. *Osgood*, 54 id., 493; *Ernst* v. *H. R. R. R. Co.*, 35 id., 28.)

*Winchester Britton* for the respondent. Plaintiff was guilty of contributory negligence and could not recover. (*Gougahn* v. *N. Y. C. R. R. Co.*, 38 N. Y., 440; *Ernst* v. *H. R. R. R. Co.*, 35 id., 9; *Wilcox* v. *R., W. and O. R. R. Co.*, 39 id., 358; *Ginnon* v. *N. Y. and H. R. R. Co.*, 3 Robt., 25; *Mitchell* v. *N. Y. C. and H. R. R. R. Co.*, 5 T. & C., 122.)

RAPALLO, J. The motion for a nonsuit was made upon two grounds only. First. That there was not sufficient evidence to show that the defendants were the parties responsible for the act of the driver of the truck. And, second. That the plaintiff, by her own negligence, contributed to the accident. No point was made at the trial as to the sufficiency of the evidence of negligence on the part of the driver, and that question is not now before us.

The first ground of nonsuit appears to have been abandoned on the argument at General Term, and is not now insisted upon. The only question in the case is, whether the testimony so clearly shows contributory negligence on the part of the plaintiff that the court was justified in granting a nonsuit on that ground.

The plaintiff asked the court to submit that question to the jury, and we are of opinion it should have been so submitted. According to the testimony of the plaintiff, the truck turned around the corner just as she stepped off the sidewalk, and the plank dragging behind it swept around and caught her. She says: "I just took a step and they turned around and swept me." The jury might have found that although the horses had begun to turn, the truck had not turned, and that she had begun to step off before the plank

had begun to swing, and that she had not time to recover herself before being caught. Her failure to observe the rather unusual and dangerous appendage dragging behind the cart, and to calculate the sweep it would make when the truck should turn the corner, can hardly be held as matter of law to be conclusive evidence of negligence on her part. That the turning of the truck might have the effect of causing the plank to sweep the sidewalk was known by the driver, but might have been, and probably was, unknown by the plaintiff. No warning was given her, and it was for the jury to say, under all the circumstances, whether she had sufficient knowledge or means of knowledge, of the probable effect of the turning of the truck to render it negligent on her part to fail to avoid the danger.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.