RICHARD S. EGGLESTON, Respondent, *v.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE COLUMBIA TURNPIKE ROAD, Appellant.

Where a turnpike company placed beside the traveled part of its road a pile of stones for the purpose of making repairs, which had a tendency to and did frighten horses traveling upon the road, of which it had notice and neglected to remove the stones, *held*, that it was liable for damages to a traveler upon the road, occurring after the lapse of a reasonable time (in this case four or five days) after such notice, occasioned by his horse having been so frightened.

Where such notice was given to one who was the secretary and treasurer of the company, and it appeared that he had some part in the practical management and superintendence of the road, *held*, that this was a sufficient notice to the company.

H., defendant's secretary and treasurer, testified that he received the notice at an hour on a certain day, which it appeared was the day, and about the time of the accident. P., a witness for plaintiff, testified that he gave the notice four or five days before. The wife of P. was then called as a witness for plaintiff, and testified that she was with her husband on the day H. testified the notice was given, and was asked if P. did not

state to defendant's gate-keeper on that day that he had given H. notice a week before. This was objected to as hearsay ; the objection was overruled, and the witness answered in substance that P. stated he had given previous notice to H. *Held*, that the reception of the evidence was error, and fatal to the judgment.

*Eggleston* v. *The Columbia Turnpike Co.* (18 Hun, 146), reversed, but not on questions there considered.

(Argued September 29, 1880; decided October 5, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 18 Hun, 146.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*H. E. Sickels* for appellant. No actionable negligence was shown on the part of defendant. (*Cook* v. *City of Charlestown*, 98 Mass. 80 ; *Keith* v. *Easton*, 2 Al. 552 ; *Kingsbury* v. *Dedham*, 13 id. 186 ; *Cook* v. *Charlestown*, id. 190 ; *Cook* v. *Montague*, 115 Mass. 571; *Brooks* v. *Acton*, 117 id. 204, 210 ; *Dimock* v. *Sheffield*, 30 Conn. 129 ; *Winship* v. *Enfield*, 46 N. H. 197; *Ray* v. *City of Manchester*, id. 59 ; *Morse* v. *Town of Richmond*, 41 Vt. 435.) Defendant was not chargeable with notice that the load of stones tended to frighten horses. (*Morse* v. *Town of Richmond*, 41 Vt. 435 ; *Hart* v. *Brooklyn*, 36 Barb. 226 ; *Griffin* v. *New York*, 9 N. Y. 459 ; *Seaman* v. *New York*, 3 Daly, 147 ; *Bush* v. *Geneva*, 3 T. & C. 409 ; *Garrison* v. *New York*, 5 Bosw. 497 ; *Wallace* v. *New York*, 18 How. Pr. 169.) The notice to defendant's secretary out of its office was no notice to defendant. (*Mut. L. Ins. Co.* v. *Davies*, 56 How. Pr. 440, 445 ; *A. S. Bank* v. *Savery*, 18 Hun, 36 ; *Bush* v. *Geneva*, 3 T. & C. 409 ; Wade on Law of Notice, p. 306, § 674; *Blumenthal* v. *Brainard*, 38 Vt. 402 ; *Haywood* v. *Nat. Ins. Co.*, 52 Md. 181 ; *Snyder* v. *Stonable*, 1 Hill, 567 ; *Warwick* v. *Warwick*, 13 Atk. 294 ; *Mech. Bk.* v. *Hanneburg*, 38 Md. 228 ; *Welsh* v. *G. A. Bank*, 73 N. Y. 424.) The referee erred in refusing to find as matter of law " that the burden of

proof is upon the plaintiff to establish affirmatively that he was guilty of no negligence contributing to the result." (*Lehan* v. *City of Brooklyn*, 29 Barb. 234, 236; *Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y. 9, 14; *Spencer* v. *U. & S. R. R. Co.*, 5 Barb. 337; *Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y. 465, 471; *Button* v. *H. R. R. R. Co.*, 18 id. 248, 252; *Williams* v. *O'Keefe*, 24 How. 16, 19; *Lane* v. *Crombie*, 12 Pick. 177; *Adams* v. *Carlyle*, 21 Pick. 146; *Gonzales* v. *N. Y. C. R. R. Co.*, 38 N. Y. 442; *Burke* v. *Broadway, etc., R. R. Co.*, 49 Barb. 531; *Morrison* v. *N. Y. C. & H. R. R. R. Co.*, 1 N. Y. W. Dig. 564; *Heineman* v. *Heard*, 62 N. Y. 448.) Defendant, in keeping the road in order and repair, was justified in depositing the stones where it did and was entitled to a reasonable time in which to make the repairs. (*Comm.* v. *Passmore*, 1 S. & R. 219; *People* v. *Cunningham*, 1 Den. 524; Wood on Nuisance, 243, § 258; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 122.)

*E. Countryman* for respondent. The common law as well as its charter imposed upon defendant the duty of keeping its road "in good and perfect order," so that the same shall be safe and convenient for travelers at all times. (*Waterford & Whitehall Turnpike Co.* v. *People*, 9 Barb. 161; *Wendell* v. *Troy*, 39 id. 329; Shearm. & Redf. on Neg. [3d ed.] 177, 425, 466; *Grant* v. *Brooklyn*, 41 Barb. 381; *Ring* v. *Cohoes*, 13 Hun, 76.) Defendant having permitted the stones to remain four or five days after notice that they were dangerous, and until the accident, is liable for plaintiff's injuries. (*Todd, Adm'r,* v. *Troy*, 61 N. Y. 506; *Conrad* v. *Ithaca*, 16 id. 158; *Hickock* v. *Plattsburgh*, id.; *Weet* v. *Brockport*, id. 171, note; *Davenport* v. *Ruckman*, 37 id. 568; *People* v. *Waterford & W. Turn. Co.*, 9 Barb. 161; *Davis* v. *Banyer*, 42 Me. 522; *Morse* v. *Richmond*, 8 Am. Law Reg. 81; *Dimmick* v. *Suffolk*, 30 Conn. 129; *Winship* v. *Enfield*, 42 N. H. 199; Shearm. & Redf. on Neg. [3d ed.] 445, 466; *Bartlett* v. *Hooksett*, 48 N. H. 18; 3 Pick. 267; 7 Cush. 307; *Wendell* v. *Troy*, 39 Barb. 329; *Weed* v. *Ballston Spa*, 76 N. Y. 329; *Bennett* v. *Lovell* [R. I.], 18 Alb. L. J. 303; id. 382; *Morse* v. *Rich*

*mond*, 41 Vt. 435.) It was defendant's duty to proceed imme-
diately or at least with reasonable dispatch, in accomplishing
the needed repairs, and in such a manner as to guard and pro-
tect, while doing it, the travelers on the road. (*Grant* v.
*Brooklyn*, 31 Barb. 384; 18 Alb. L. J. 382.) The warn-
ing or information given to defendant's secretary and treasurer,
of the dangerous character and appearance of the obstruction
on the highway, was notice to the company he represented.
(*Fulton Bk.* v. *N. Y. & Sharon C. Co.*, 4 Paige, 137; *Ingalls*
v. *Morgan*, 10 N. Y. 184; *Hoover* v. *Barkhoof*, 48 id. 113;
*Weed* v. *Ballston Spa*, 76 id. 329.)

EARL, J. This action is brought by the plaintiff for injuries
sustained in his person and property while traveling upon the
defendant's road.

On the 28th day of September, 1875, the plaintiff was driv-
ing his horse upon the road hitched to a skeleton wagon, and
when upon a bridge, his horse was frightened by a pile of
stones in the road, and sprang over the bridge, breaking his
leg, injuring the plaintiff, and damaging the wagon. The
stones were placed beside the traveled part of the road, under
the direction of the defendant, one week before the accident,
for the purpose of repairing the bridge. The plaintiff gave
evidence tending to show that the stones had a tendency to
frighten horses traveling upon the road, and had actually
frightened such horses, and that four or five days before the
accident the defendant was notified of the dangerous character
of the pile of stones.

If the pile of stones had a tendency to frighten horses and
was of a dangerous character, although not technically a defect
or obstruction in the highway, I entertain no doubt that the
defendant could be made liable for damage caused to travelers
thereby, after notice of its character and neglect to remove
the same. (*The Waterford & Whitehall Turnpike Co.* v. *The
People*, 9 Barb. 161; *Wendell* v. *The Mayor of Troy*, 39 id.
329; *Davis* v. *City of Bangor*, 42 Me. 522; *Dimock* v. *Town
of Suffield*, 30 Conn. 129; *Winship* v. *Enfield*, 42 N. H. 199;

*Bartlett* v. *Hooksett,* 48 id. 18 ; *Morse* v. *Town of Richmond,* 41 Vt. 435; Shearm. & Redf. on Neg. 445–466.)

I have no doubt that the defendant was sufficiently notified of the dangerous character of the pile of stones, if the notice was given, as claimed by the plaintiff, to Hubbell, the secretary and treasurer of the company.   He was such an officer as is usually competent to receive notices affecting such corporations, and it appears that he actually had some part in the practical management and superintendence of the road.

The defendant was entitled to a reasonable time after receiving the notice, in which to remove the stones.   Hubbell testified that he received the notice on a certain day about ten o'clock, which appeared by other evidence to have been on the same day and about the time the accident happened.   Plaintiff's witness Pulver testified that he gave the notice four or five days before the accident.   There was thus a serious conflict in the evidence upon this material point.

After these two witnesses had testified, the wife of Pulver was called as a witness by the plaintiff, and she testified that she was with her husband on the day when Hubbell testified the notice was given to him, and that he did not have any conversation with Hubbell; that he did not speak to any one at the toll-gate but the gate-keeper, Mr. Carpenter; and then this question was put to her by plaintiff's counsel: "Did Mr. Pulver on that morning, in the conversation which you have stated he had with Carpenter at the gate about the accident, say to Carpenter that he had given Mr. Hubbell notice a week before of these stones frightening horses, or that he had told Hubbell about it the week before?"   This was objected to by defendant's counsel as leading, illegal, improper, immaterial, and as seeking to prove a conversation between third persons, and of an inadmissible character.   The referee overruled the objections, and defendant's counsel excepted to the ruling.   The witness answered, "Mr. Pulver said: 'Those stones were a bad thing, and I told him so, and wished them to be removed ; that my horse had been frightened.'"

This question was clearly incompetent, and the evidence

should not have been received.   What Pulver said to Carpenter was wholly immaterial and the evidence was designed, and had a strong but illegitimate tendency to fortify the evidence of Pulver previously given, that he had notified Hubbell of the pile of- stones prior to the day of the accident.   The evidence was very damaging in its character to the defendant on a vital point.   It was not justified by any evidence previously given, or any course of examination indulged in on the part of the defendant.

This is an error which we cannot overlook, and the judgment must therefore be reversed and a new trial granted, costs to abide event.

All concur, except RAPALLO, J., absent, and MILLER, J.. taking no part.

Judgment reversed.