No. 8015.

THE CITY OF LAFAYETTE v. TIMBERLAKE ET AL.

CITY.—*Liability for not Preventing Unlawful Use of Streets.*—*Coasting.*—*Personal Injury.*—A municipal corporation is not liable for a personal injury oc-casioned on its streets by persons making an unlawful use of its streets, as by " coasting."

SAME.—*Failure to Enforce Laws and Ordinances.*—A municipal corporation is not liable for failure to exercise governmental powers, as for failure to enforce the State laws or its own ordinances.

SAME.—*Negligence of Police.*—A municipal corporation is not liable for the negligence of its police officers; they are not its agents, but are public officers.

From the Superior Court of Tippecanoe County.

*J. A. Stein, R. P. Davidson* and *J. C. Davidson,* for appellant.
*T. A. Stuart* and *J. R. Coffroth,* for appellees.

ELLIOTT, J.—The principle which rules this case is the same as that declared in *Faulkner* v. *City of Aurora,* 85 Ind. 130, and, if that case is correctly decided, this appeal must be sustained. The case referred to has been vigorously assailed, but unsuccessfully, for reflection has strengthened our confidence in the correctness of the conclusion there reached.

The adjudged cases concur with great unanimity in holding that for a failure to exercise governmental powers municipal corporations are not liable. They are not liable for a failure to provide appliances for extinguishing fires, nor for a failure to supply an adequate force of police officers, nor for a failure to enforce the statutes of the State, or the by-laws of the corporation, nor even for a failure to undertake a municipal work, such as supplying a system of drainage. *Robinson* v. *City of Evansville,* 87 Ind. 334; *Brinkmeyer* v. *City of Evansville,* 29 Ind. 187; 2 Dillon Munic. Corp., sec. 754; *Griffin* v. *Mayor, etc.,* 9 N. Y. 456; *Hill* v. *Board,.etc.,* 72 N. C. 55 (21 Am. R. 451); *Rivers* v. *City Council,* 65 Ga. 376 (38 Am. R. 787); *City of Logansport* v. *Wright,* 25 Ind. 512; *Roll* v. *City of Indianapolis,* 52 Ind. 547; *Mills* v. *City of Brooklyn,* 32 N. Y. 489; *Hill* v. *City of Boston,* 122 Mass. 344; S. C., 23 Am. R. 332. The wrong charged in the complaint, and for which a recovery was adjudged, falls within this principle. The municipality had fully discharged its duty in making the street safe, and it was only made unsafe by law-breakers, who used it in a manner prohibited by the by-laws of the corporation. The wrong was not in the city, but in those who improperly and wrongfully used the street. There was no breach of corporate duty on the part of the municipal authorities, and nothing is clearer than that where there is no breach of duty there is no actionable negligence. It is, indeed, logically impossible to conceive actionable negligence as existing without some breach of duty.

Unless it can be held that a municipal corporation is under a duty to prevent persons from using its streets in violation of its by-laws, it can not be held that it is responsible for injuries caused by coasters. Granted the principle that a municipal corporation is not liable for a failure to execute the ordinances of the corporation, or the statutes of the State, nothing can bar the conclusion that it is not responsible for the acts of persons using the street in a manner prohibited by law or ordinance.

Cities are held liable for defects in streets on the ground that they are charged by law with making and keeping them reasonably safe for travel, and are supplied with means enabling them to perform this duty. The right to recover for injuries caused by coasters can not be rested on this principle, for the very obvious reason that no corporate duty rests on municipal corporations to prevent persons from breaking the laws and making the streets unsafe by the mode in which they use them. A conclusion which would make a city liable for the acts of coasters can only be reached by assuming that municipal corporations are liable for a failure to execute the statutes of the State or the ordinances of the corporation, and this assumption can not be made unless settled principles are disregarded.

The manner in which a highway of a city is used is a different thing from its quality and condition as a street. The construction and maintenance of a street in a safe condition for travel is a corporate duty, and for a breach of such a duty an action will lie; but making and enforcing ordinances regulating the use of streets brings into exercise governmental, and not corporate, powers, and the authorities are well agreed that for a failure to exercise legislative, judicial or executive powers of government, there is no liability.

The police officers of a city are not its agents or servants, and it is not responsible for their negligence. This doctrine is strongly stated by Judge Dillon, and he supports his text by an unbroken array of authorities. 2 Dill. Munic. Corp.,

sec. 773. If police officers are not the agents or servants of the municipality, then it is legally impossible that for their negligence there should be corporate responsibility.

It is only upon the rule of *respondeat superior* that corporations are liable for the wrongs of those who are engaged in the conduct of municipal affairs. Judge Dillon says: "It may be observed, in the next place, that when it is sought to render a municipal corporation liable for the acts of servants or agents, a cardinal inquiry is, whether they are the servants or agents of the corporation." 2 Dill. Munic. Corp., sec. 772. This consideration marks the distinction between cases such as the one in hand and actions for injuries caused by obstructions or defects in streets, for officers in charge of streets are, within the scope of their authority, agents of the corporation, and for their acts the municipality is responsible; while officers appointed to execute the laws and ordinances are not agents engaged in corporate duties, but are public officers appointed at the command of the Legislature by the corporate authorities. There is no more reason for holding cities responsible for the wrongs of police officers than there is for holding counties or townships responsible for the torts of sheriffs and constables.

Judgment reversed.