Follett, J.
Appeal from a judgment of the county court, entered on a verdict in an action begun in that court; and from an order denying a motion for a new trial made on the minutes, and heard upon a case containing all of the evidence.
The defendant is engaged in manufacturing steam boilers, having a factory on Lodi street in the city of Syracuse.
January 18,1883, several of the defendant’s steam boilers were lying between the sidewalk and the gutter in this street, by which the plaintiff’s horse was frightened, ran away and was killed. The jury rendered a verdict of $130 for the plaintiff.
*221 The plaintiff gave evidence tending to show that these, or similar boilers had been lying at this place for several weeks.
The defendant swore many witnesses who testified that the boilers were left in the street the day before, or the day but one before the accident, and that never before had boilers lain the street.
So far as this case is concerned, it does not seem to be of much moment whether the boilers had been left there for one day or for one month. A person owning property next to the street, has a right to temporarily obstruct traffic in the street when it is necessary to take property from or to his place of business. But he has no right to use the street for the purpose of storing property to the damage of persons having occasion to use the street.
The plaintiff insisted that the boilers were likely to frighten the horses, and defendant was negligent in not having foreseen that they were likely to frighten horses. The issue was fairly submitted to the jury, has been determined in favor of the plaintiff, and this court would not be disposed to interfere with the verdict, if its power to do so was clear. Reilley v. The D. and H. C. Co., 102 N. Y., 383; 2 N. Y. State Rep., 419; Cramer v. Lovejoy, 5 id., 190; Prior v. Prior, id 249.
It is argued that the court erred in refusing to charge: “ That if the jury believe these boiler shells in question, as, situated at the time of the injury sued for, were not calculated or likely to frighten and make uncontrollable, horses ordinarily gentle and manageable; then plaintiff cannot recover, and their verdict must be for defendant.” The court had previously charged: “Were those boiler shells in their general appearance such as to frighten horses of ordinary gentleness?” This is one of the questions in this case: A man might set some object outside on the street which hadn’t any tendency to frighten a hoi’se, a gentle ¡horse or any other horse, and not be' in fault at all. He is not bound to take notice that some perfectly innocent object will occasion fright to a horse, but he might, without being in the fault at all, place some objects on the side of the road, and if some accident occurred he would be liable. But were these boiler shells of such a nature that they would tend to frighten an ordinarily gentle horse? This covered the question, and the court was not required to repeat it upon the call of the defendant.
The fact that within a month prior to the time when the plaintiff’s horses were frightened, other horses were frightened by boilers lying in the same place, was relevant. Eggleston v. Columbia Turnpike Company, 18 Hun, 146; but reversed on another point, 82 N. Y., 278; Darling v. Westmoreland, 52 N. H., 401; Gordan v. The Boston and *222 Maine Railroad, 58 id., 396; House v. Metcalf, 27 Conn., 631, Moreland v. Mitchell County, 40 Iowa, 394; Crocker v. McGregor, 76 Me., 282. These cases have been somewhat criticised upon the ground that they hold facts to be relevant, which do not fall within any recognized exceptior io the rule, that similar, but unconnected facts, are not relevant. But in this case we think that the evidence became admissible upon principle. The defendant strenuously sought to establish that plaintiff’s horse was a vicious, runaway animal, accustomed to shy and jump from objects which would not frighten ordinary horses. In answer to this, we think it was competent to show that gentle horses were frightened by the boilers; and while this evidence was not relevant, upon that theory when offered, yet, it having become so by the subsequent course of the defense, the defendant cannot complain.
After an examination of the othe.r exceptions to which our'attention is called by the appellant, we are of the opinion that they are not of sufficient importance to require-discussion, and that no available error is disclosed by the record.
The judgment and order are affirmed, with costs.
Hardin, P..J., and Martin, J., concur.