THOMAS MULLEN, Respondent, v. THE VILLAGE OF GLENS FALLS, Appellant.

*Use of a steam roller in a street — liability for its negligent use — question whether notice should be given of its approach.*

Municipal corporations are liable for the improper management and use of their property to the same extent and in the same manner as private corporations and natural persons.

The mere presence and use, by a municipal corporation on one of its public streets, of a steam roller does not render such street "defective" within the meaning of the statute.

In an action brought to recover damages for personal injuries resulting from the alleged negligence of a village, it appeared that a steam roller owned by the village was being propelled along one of its public streets, and, without giving any notice or warning of its approach, came within twenty feet of an intersecting street on which the plaintiff was traveling, whose horse suddenly caught sight of the roller, became frightened and threw the plaintiff out of the carriage in which he was riding, causing the injuries complained of.

*Held*, that it was proper to submit to the jury the question whether reasonable care required warning to be given at the street crossings of the approach of the steam roller, and that a verdict in favor of the plaintiff would not be disturbed;

That, upon the question whether a warning was necessary, it was proper to con-
sider the fact that the Highway Law (§ 155, chap. 568 of the Laws of 1890)
forbids the propulsion of a steam roller along a highway unless a warning is
sent one-eighth of a mile in advance to notify persons traveling or using such
highway with horses or domestic animals, and that the Penal Code (§ 640,
subd. 11) has made the failure to give such a warning a misdemeanor, as indi-
cating the view which the people of the State have taken upon that question
and as sustaining the conclusion of the jury.

APPEAL by the defendant, The Village of Glens Falls, from a
judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Warren on the 15th day
of June, 1896, upon the verdict of a jury rendered after a trial at
a Trial Term of the Supreme Court held in and for the county of
Warren, and also from an order entered in said clerk's office on the
16th day of June, 1896, denying the defendant's motion for a new
trial made upon the minutes.

The action was brought to recover damages for personal injuries
resulting from the plaintiff's being thrown from his carriage by reason
of his horse becoming frightened at a steam roller owned by the
defendant, which was being propelled through one of the defendant's
public streets, without warning of its approach having been given.

*James H. Bain,* for the appellant.

*George S. Raley,* for the respondent.

PARKER, P. J.:

The principle of law recognized in *Whitney* v. *Town of Ticonder-
oga* (53 Hun, 214), and in *Eggleston* v. *Columbia Turnpike Road Co.*
(82 N. Y. 278), which requires a town to exercise reasonable diligence
to keep its streets free from obstructions that in their character are
likely to frighten horses, and which renders it liable for an injury
that results from its unreasonable neglect so to do, does not control
the question presented by this appeal. Conceding that the use of a
steam roller in a public street is sure to frighten horses, nevertheless
to hold, for such reason, that its mere presence and use render the
street "defective," and that, therefore, the town must be liable for an
injury resulting therefrom, would practically deprive the town of
the benefit of such a mode of highway construction, and carry the
provisions of the statute beyond their legitimate meaning.

In the case before us we hold that the defendant had the lawful right to own and use the steam roller, and its statutory obligations concerning " defective highways " does not prevent its doing so.

It is said, however, in Dillon's Municipal Corporations (Vol. 2, § 985) that " municipal corporations are liable for the improper management and use of their property to the same extent and in the same manner as private corporations and natural persons," and such statement expresses the rule of law as settled in this State. (*Conrad* v. *Trustees of Village of Ithaca*, 16 N. Y. 158, 173 ; *Weet* v. *Trustees of Village of Brockport*, Id. 161, note.)

The liability of this defendant, therefore, is to be determined by the same rule that would be applied to a private corporation, or to a natural person, and cases illustrative of their liability under similar circumstances are of authority in this. Upon this question we are cited to the case of *Tinker* v. *N. Y., O. & W. R. R. Co.* (71 Hun, 434), where it is held that " An object in a public street, which is of such a form or character that it is calculated to frighten horses of ordinary gentleness, is an obstruction in the nature of a nuisance, and any one who so places or maintains it, is ordinarily liable for the consequences likely to arise." But this principle is not exactly in point. A highway is designed for travel, not for storing articles upon it, and any one who leaves in a highway an object of the dangerous character above specified, except under stress of some emergency beyond his control, is putting the highway to a use for which it was not designed, and, therefore, in so far as such use interferes in any manner with the free and safe use of the same by the public, he has practically created a public nuisance in it.

But the question presented by this case is as to what rule should control the conduct of persons while traveling the highway, and upon this subject the cases are not so numerous, nor are the illustrations so varied. It has been decided, however, that one must not be negligent in his mode of driving through the streets. (*Phelps* v. *Wait*, 30 N. Y. 78 ; *Sheehan* v. *Edgar*, 58 id. 631 ; *Barrett* v. *Smith*, 128 id. 607.) So where his load extends some distance behind the wagon he must be watchful, and, if necessary, give warning, so that when he turns a corner it may not sweep against and injure another. (*Sheehy* v. *Burger*, 62 N. Y. 558.) The principle of these decisions is evident. It allows any person to travel the highway, and to take

over it such things as his interests or desires may suggest, but in so doing he must have a due regard to the rights and safety of others. In using the highway, and in the management of his property thereon, he is to exercise the same reasonable care to avoid injury to another that he is required to exercise in all other avocations of life.

Applying this rule to the case before us, it became a question of fact for the jury, whether the defendant, in transporting the steam roller in the manner in which it did, exercised that reasonable care which prudence and a just consideration for the safety of others required it to exercise under all the surrounding circumstances.

The plaintiff claims that, not only does the evidence show, but that from the very construction and operation of the machine itself, it is apparent, that it was an object well calculated to frighten any horse; that it was approaching through Canal street and had arrived to within fifteen or twenty feet of Glen street without any notice or warning of its approach being given; that Glen street crosses Canal street at right angles, and is one of the most frequently traveled streets in the village; that as he came up Glen street and passed the corner of Canal his horse suddenly and unexpectedly caught sight of the roller working its way up the steep grade towards it, and being frightened, it became unmanageable and ran him upon the canal bridge, where he was thrown out of his carriage and severely injured.

Upon evidence tending to establish these facts, it was left to the jury to determine whether reasonable care required warning to be given at such crossings that the machine was approaching, and was so close at hand. The jury have found for the plaintiff upon that question, and with that verdict we are not disposed to interfere.

Such roller is a huge object, of an unusual shape, propelled by steam through the middle of the street. It is not a machine that is in daily use, and with which horses in a village may be expected to have become familiar. The mind instinctively adopts the conclusion that such an object moving through the street in such a manner would be more than likely to frighten most of the horses with which it met, and for that reason it may well be said that a prudent care for the safety of others requires some warning to be given at the crossings of other streets, lest someone driving through them should unexpectedly, and without preparation, come suddenly upon

it and thereby be injured. Such is the view which the People of the State have taken upon this subject, for they have enacted a law forbidding any one to cause to pass over any highway such a machine without sending warning one-eighth of a mile in advance to notify persons traveling or using such highway with *horses* or other domestic animals (Highway Law [Laws of 1890, chap. 568], art. 6, § 155), and have made it a misdemeanor not to do so. (Penal Code, § 640, subd. 11.) True, a warning one-eighth of a mile ahead on Canal street would have been of no advantage to this plaintiff, nor to any one coming down Glen street at the time the machine was about to cross it. But the existence of these statutes shows that by common consent such an object is considered a dangerous thing to be taaken through the streets, and emphasizes to whoever does so the propriety and necessity of giving such a warning as will prevent those driving horses from unexpectedly meeting it. Therefore, without deciding whether the omission to give the warning required by the above statutes, or either of them, was ground for holding the defendant negligent under the circumstances of this case, we refer to them merely as indicating the consensus of opinion upon the question before us, and as sustaining the conclusion which the jury have reached.

In *Paine* v. *The City of Rochester* (37 N. Y. St. Repr. 587) it is held that a municipal corporation is liable for an injury resulting from a frightened horse because of a neglect on its part to give proper signals while using such a roller, and to properly care for the safety of those approaching it. Although the facts of that case are not precisely like those before us, the principle involved is the same.

We are of the opinion that the verdict was correct, and that the judgment should be affirmed.

All concurred.

Judgment and order appealed from affirmed, with costs.