MULLEN v. VILLAGE OF GLENS FALLS.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

1. HIGHWAYS—DEFECTS—STEAM ROLLERS.
    The mere presence and use of a steam roller on the streets of a town, though calculated to frighten horses, is not a "defect," within the meaning of the statute rendering towns liable for defective highways.

2. TOWNS—CARE OF STREETS—NEGLIGENCE.
    The liability of a town for personal injuries resulting from the presence or use of a steam roller in its streets is to be determined by the same rules as to negligence as obtain in the case of private corporations or natural persons.

3. SAME—NEGLIGENCE—PROVINCE OF JURY.
    A horse driven by plaintiff on a street of defendant town was frightened by a steam roller belonging to the town approaching on a cross street, and ran away, injuring plaintiff. No warning was given of the approach of the steam roller, which, while in motion, was an object well calculated to frighten horses. *Held*, that a finding by the jury that the town was guilty of negligence rendering it liable for plaintiff's injuries would not be disturbed.

Appeal from trial term, Warren county.

Action by Thomas Mullen against the village of Glens Falls. From a judgment entered upon a verdict for plaintiff, and an order denying a motion for new trial on the judge's minutes, the defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MER-WIN, and PUTNAM, JJ.

James H. Bain, for appellant.
Raley & Kiley, for respondent.

PARKER, P. J.   The principle of law recognized in Whitney v. Town of Ticonderoga, 53 Hun, 214, 6 N. Y. Supp. 844, and in Eggleston v. President, etc., 82 N. Y. 278, which requires a town to exercise reasonable diligence to keep its streets free from obstructions that in their character are likely to frighten horses, and which renders it liable for an injury that results from its unreasonable neglect so to do, does not control the question presented by this appeal. Conceding that the use of a steam roller in a public street is sure to frighten horses, nevertheless to hold that for such reason its mere presence and use renders the street "defective," and that, therefore, the town must be liable for an injury resulting therefrom, would practically deprive the town of the benefit of such a .mode of highway construction, and carry the provisions of the statute beyond its legitimate meaning.   In the case before us we hold that the defendant had the lawful right to own and use the steam roller, and its statutory obligations concerning "defective highways" do not prevent its doing so.   It is said, however, in 2 Dill. Mun. Corp. § 985, that "municipal corporations are liable for the improper management and use of their property to the same extent and in the same manner as private corporations and natural persons," and such statement expresses the rule of law as settled in this state.   Conrad v. Trustees, etc., 16 N. Y. 158, 173; Weet v. Trustees, etc., Id. 161, note.   The liability of this defendant .therefore is to be determined by the same rule that would be applied to a private corporation or to a natural person, and cases illustrative of their liability under similar circumstances are of authority in this.   Upon this question we are cited to the case of Tinker v. Railroad Co., 71 Hun, 434, 24 N. Y. Supp. 980, where it is held that "an object in a public street, which is of such form or character that it is calculated to frighten horses of ordinary gentleness, is an obstruction in the nature of a nuisance, and any one who so places or maintains it is ordinarily liable for the consequences likely to arise."   But this principle is not exactly in point.   A highway is designed for travel, not for storing articles upon it; and any one who leaves in a highway an object of the dangerous character above specified, except under stress of some emergency beyond his control, is putting the highway to a use for which it was not designed, and therefore, in so far as such use interferes in any manner with the free and safe use of the same by the public, he has practically created a public nuisance in it.   But the question presented by this case is as to what rule should control the conduct of persons while

traveling the highway, and upon this subject the cases are not so numerous, nor are the illustrations so varied. It is decided, however, that one must not be negligent in his mode of driving through the streets. Phelps v. Wait, 30 N. Y. 78; Sheehan v. Edgar, 58 N. Y. 631; Barrett v. Smith, 128 N. Y. 607, 28 N. E. 23. So, where his load extends some distance behind the wagon, he must be watchful, and, if necessary, give warning, so that when he turns a corner it may not sweep against and injure another. Sheehy v. Burger, 62 N. Y. 558. The principle of these decisions is evident. It allows any person to travel the highway, and to take over it such things as his interests or desires may suggest; but in so doing he must have a due regard to the rights and safety of others. In using the highway, and in the management of his property thereon, he is to exercise the same reasonable care to avoid injury to another that he is required to exercise in all the other avocations of life. Applying this rule to the case before us, it became a question of fact for the jury whether the defendant, in transporting the steam roller in the manner in which it did, exercised that reasonable care which prudence and a just consideration for the safety of others required it to exercise, under all the surrounding circumstances. The plaintiff claims that not only does the evidence show, but that from the very construction and operation of the machine itself it is apparent, that it was an object well calculated to frighten any horse; that it was approaching through Canal street, and had arrived to within 15 or 20 feet of Glen street, without any notice or warning of its approach being given; that Glen street crosses Canal street at right angles, and is one of the most frequently traveled streets in the village; that as he came up Glen street, and passed the corner of Canal, his horse suddenly and unexpectedly caught sight of the roller working its way up the steep grade, towards it, and, being frightened, it became unmanageable, and ran him upon the Canal bridge, where he was thrown out of his carriage, and severely injured. Upon evidence tending to establish these facts it was left to the jury to determine whether reasonable care required warning to be given at such crossings that the machine was approaching, and was so close at hand. The jury have found for the plaintiff upon that question, and with that verdict we are not disposed to interfere. Such roller is a huge object, of an unusual shape, propelled by steam through the middle of the street. It is not a machine that is in daily use, and with which horses in a village may be expected to have become familiar. The mind instinctively adopts the conclusion that such an object moving through the street in such a manner would be more than likely to frighten most of the horses with which it met, and for that reason it may well be said that a prudent care for the safety of others requires some warning to be given at the crossings of other streets, lest some one driving through them should unexpectedly and without preparation come suddenly upon it, and thereby be injured. Such is the view which the people of the state have taken upon this subject, for they have enacted a law forbidding any one to cause to pass over any highway such a machine, without sending warning one-eighth of a mile in advance, to notify persons traveling or using

such highway with horses or other domestic animals (Laws 1892, art. 6 [Highway Law] § 155), and have made it a misdemeanor not to do so (Pen. Code, § 640, subd. 11). True, a warning one-eighth of a mile ahead on Canal street would have been of no advantage to this plaintiff, nor to any one coming down Glen street, at the time the machine was about to cross it. But the existence of these statutes show that by common consent such an object is a dangerous thing to be taken through the streets, and emphasizes to whoever does so the propriety and necessity of giving such a warning as will prevent those driving horses from unexpectedly meeting it. Therefore, without deciding whether the omission to give the warning required by the above statutes, or either of them, was ground for holding the defendant negligent under the circumstances of this case, we refer to them merely as indicating the consensus of opinion upon the question before us, and as sustaining the conclusion which the jury have reached. In Paine v. City of Rochester (Sup.) 14 N. Y. Supp. 180, it is held that a municipal corporation is liable for an injury resulting from a frightened horse because of a neglect on its part to give proper signals while using such a roller, and to properly care for the safety of those approaching it. Although the facts of that case are not precisely like those before us, the principle involved is the same. We are of the opinion that the verdict was correct, and that the judgment should be affirmed.

Judgment and order appealed from affirmed, with costs. All concur.