### HENRY L. CUSTER v. NEW PHILADELPHIA.

1. BICYCLE—INJURY TO PEDESTRIAN—NON-LIABILITY OF CITY.

    A municipal corporation is not liable for injuries to a pedestrian resulting from being struck by a bicycle ridden on the sidewalk thereof; or for the failure to pass an ordinance prohibiting such use of its sidewalks.

2. PROHIBITING IS DISCRETIONARY, AND FAILURE CREATES NO LIABILITY.

    There is no obligation upon the authorities of a municipal corporation towards any one of its citizens to exercise the legislative discretion with which they are invested, to enact ordinances prohibiting any specific act concerning the streets and sidewalks of the city or village.   Such matters are discretionary, and a right of action against a city or village does not accrue to one who was injured by a person riding a bicycle on the sidewalk, because the authorities had failed to prohibit such riding.

3. MUNICIPAL CORPORATION, WHEN AGENT OF THE STATE.

    In relation to the exercise of legislative powers and privileges, which are to be exercised by a municipal corporation for the care and control of its streets and sidewalks, such corporation is, in the absence of statutory provision to the contrary, the agent of the state, and is not liable for a failure to perform, or negligence in performing, duties in that particular imposed by statute.

4. RIDING BICYCLE ON SIDEWALK NOT NUISANCE UNDER SEC. 2640, REV. STAT.

    Such corporation is not liable for an injury to a pedestrian by being struck by a bicycle ridden on the sidewalk, although sec. 2640, Rev. Stat., provides, that the council shall have the care, etc. of the streets, "and shall cause the same to be kept open and in repair, and free from nuisance," and it will make no difference that the authorities of such corporation, with knowledge of such use of the sidewalks, took no steps to prevent the same; the word *nuisance* in this connection does not include a running bicycle, but refers to something which is, in a sense, fixed or permanent, as a defect in the street or sidewalk.

5. CONSTRUCTION OF PLEADING.

    In an action against a municipal corporation to recover damages for injuries sustained from being struck by a bicycle, ridden on the sidewalk of a public street, an allegation in the petition that the city, its officers and agents had unlawfully, carelessly and negligently, and in disregard of their duty, caused and permitted bicycles to be operated and run upon the sidewalks, may be construed, in view of the whole pleading, as an allegation that the authorities took no steps to prevent such riding.

HEARD ON ERROR.

VOORHEES, J.

This action is one to recover damages for injuries received by plaintiff while walking on the sidewalk of East avenue, a public street in the city of New Philadelphia.

It is alleged in the petition that the defendant city, is a municipal corporation; that by sec. 2640, Rev. Stat., the council of said city have and had the control of its streets and sidewalks, and it was the duty of the municipal authorities to keep the streets, sidewalks, etc., open and in repair, and free from nuisance.

At the time of the injury the plaintiff was a resident of said city; that said corporation, its officers and agents prior to, and on October 20, 1897, did unlawfully, carelessly and negligently, and in disregard of their duty, fail to keep open and in repair and free from nuisance the sidewalks of said city, but did knowingly allow, cause and permit bicycles to be operated and run at a high and dangerous rate of speed thereon, at all times and hours at the pleasure of the riders thereof, so that with the knowledge of said defendant, its officers and agents, the lives and limbs of pedestrians upon said sidewalks were constantly endangered.

That prior to October 20, 1897—the date of the accident—the attention of defendant, its officers and agents, was called to said nuisance, and the danger arising therefrom; and they were urged and requested to cause the riding and use of bicycles upon the sidewalks of said city to be discontinued and said nuisance abated. But said defendant and its officers refused to take any steps to do so; but knowingly and wilfully caused and permitted said bicycles to be thus ridden upon said sidewalks and said nuisance to continue until the happening of the accident to the plaintiff herein complained of.

That on October 20, 1897, the plaintiff was struck and injured by a bicycle that was being ridden upon the sidewalk of said East avenue of said city, and this action is brought to recover damages for the injury.

A demurrer to the petition was sustained by the common pleas, and the case is in this court on petition in error.

Stating the cause of action more concisely it is: that on October 20, 1897, the plaintiff, while walking on the sidewalk, by reason of the negligence of the defendant city, was struck and violently thrown down and injured by a bicycle ridden at a rapid and dangerous rate of speed; that the city permitted bicycles to be ridden on the sidewalk at dangerous speed, and to such an extent as to create a nuisance.

The complaint is not that the injury was caused by a bicycle that was standing upon the sidewalk, and had been negligently allowed by the city to remain there, but that it was due to the propulsion of the bicycle against the plaintiff, while in motion under the direction and control of its rider. It is manifest, therefore, that if the city be liable in damages for the injury, its liability results not from a defective condition of the sidewalk, but from the improper and dangerous use that was being made of it by the bicycle rider.

It is contended on behalf of the plaintiff in error, that the city by permitting bicycles to be operated and run at a high and dangerous rate of speed upon the sidewalks of said city, was guilty of maintaining a public nuisance, and because no steps were taken by it, through its officers and agents under sec. 2640, Rev. Stat., to prevent the same, it did not cause the streets and sidewalks of said city to be kept open and in repair and free from nuisance.

The allegations of the petition fairly construed charge no more than that the authorities of the city permitted, that is took no measures to prevent, such riding on the sidewalks.

The word nuisance, as used in the section of the statute just quoted, does not nor was it intended to include or contemplate such a use of the

sidewalk as riding a bicycle thereon, but it refers to something which is, in a sense, fixed or permanent, as a defect in the street or sidewalk.

The condition of the street or sidewalk is one thing, and the manner of its use by the public is quite a different thing. For their safe condition the city is responsible, but for their unlawful or improper use it is not.

The doctrine of the exemption of a municipal corporation from liability for injuries resulting from the unlawful or improper use of its streets and sidewalks, and not from any defect in their state or condition, has been applied where municipal corporations have been held not liable to persons who have been injured by firing cannon in a public street, or by "coasting," a practice so similar to the use of sidewalks by a bicyclist, that a different conclusion cannot be reached in the case of an injury caused by a collision with a bicycle.

Robinson v. Greenville, 42 Ohio St., 625; Mayor etc. of Wilmington v. Vandegrift,(Del. Err. & App.), 25 L. R. A., 538; Jones v. Williamsburg, (Supreme Court of App. of Va.), 34 South Eastern Re., 883; Tart button v. Tenniville, (Supreme Court of Georgia, March 1, 1900) 3 Municipal corporation cases, April 1900, 2pg, 140; Howard v. Brooklyn, (Supreme Court App., N. Y. May 24, 1898), 51 New York Supreme Court 1058; City of Lafayette v. Timberlake, 88 Ind., 330; Faulkner v. Auora, 85 Ind., 130; Pierce v. New Bedford, 129 Mass., 534; Steele v. Boston, 128 Mass., 583; Shepherd v. Chelsea, 4 Allen, 113; Schultz v. Milwaukee, 49 Wis., 254, s. c. 5 N. W. 342 ; Burford v. Grand Rapids, 53 Mich., 98, s. c. 18 N. W. 571; Hutchinson v. Concord, 41 Vt., 271; Weller v. Burlington, 60 Vt., 28, s. c. 12 Atl., 215; Roy v. Manchester, 46 N. H., 59. The case of Frederick v. City, 58 Ohio St., 538, is in harmony with the doctrine and principles of these cases.

The Supreme Court of. Indiana in City of Lafayette v. Timberlake, *supra*, in a case of injury resulting from coasting upon a side walk, the court said: "The manner in which a highway of a city is used is a different thing from its quality and condition as a street. The construction and maintenance of a street in a safe condition for travel is a corporate duty, and for a breach of such duty an action will lie; but making and enforcing ordinances regulating the use of streets brings into exercise governmental and not corporate powers, and the authorities are well agreed that for a failure to exercise legislative, judicial or executive powers of government, there is no liability."

An injury caused by a bicycle ridden upon a sidewalk is not distinguishable from an injury caused by "coasting", and the ground of exemption from liability applies equally in the former case as in the latter.

In Howard v. Brooklyn, 51 N. Y. Supp., *supra*, it was held, that " a municipal corporation which has merely failed to pass an ordinance forbidding bicycles to be ridden over a sidewalk of the city, not having in any way authorized it, it is not liable to a person walking upon the sidewalk for injuries resulting from being run into and thrown down by a bicycle."

The enactment of ordinances for an incorporated town is a legislative act, and the duty to exercise the legislative power is a very different matter from a failure to perform a duty required by the laws or the charter of the town, such as keeping its streets in good repair and condition, so that pedestrians and others using the street may do so with reasonable safety.

Judge Dillon in his work on Municipal Corporations, Vol. 2, sec. 949, says: "A municipal corporation is not liable to an action for damages either for the non exercise of, or for the manner in which in good faith it exercises discretionary powers of a public or legislative character ; and the reason is that such powers are compelled to be exercised or not as the public interest is deemed to require, and there is no implied liability for deciding either the public interest does not require action or that if it requires action in a particular way. Mr. Tiedman in his work on municipal corporations, section 327, declares that "it is a well settled rule that for the non-performance of a discretionary duty, particularly if the duty be of a public nature, no private action for damages can be maintained against the corporation for the reason, that the discretionary powers are intended to be exercised only when the interest of the public demand their exercise ; and the question whether the public interest do or do not demand it, is one for the municipality to determine."

In Sherman & Redfield on the Law of Negligence, sec. 262, it is said : "In the absence of an express statutory declaration fixing a liability therefor, a municipal corporation is not bound to provide for, and secure, a perfect execution of the laws of the state or of its own ordinances within its limits ; and it is not liable in damages for the consequences of its officers' failure to enforce them, although, but for such neglect, the injury complained of would not have happened. The enforcing, no less than the adoption, of ordinances such as the regulating of building operations, or the use of streets, or the forbidding the display of fire works, or the engaging in dangerous sports in public streets and places, is a public governmental duty, as to which actionable negligence cannot be predicated. Such a failure to execute the laws is neglect of a duty owing to the public, not to individuals. It necessarily follows that the corporation is not responsible for the acts of persons engaged in the violation of a law or ordinance, resulting in an injury to a third person, though such illegal acts might and ought to have been prevented by the officers of the corporation, and although the officers themselves, and even a majority of the citizens, actively participated in the illegal proceeding. Thus, a municipal corporation is not liable for injuries caused by persons unlawfully coasting upon its streets, even when the authorities had tolerated the sport, or had publicly set apart a particular street for that purpose. Having a discretion as to what ordinances it will adopt, the corporation has a like discretion and power to suspend the operation of its ordinances temporarily or indefinitely."

The most that can be claimed in this case is that the city failed to exercise power, which the plaintiff contends it might have exercised, in preventing the use of the sidewalks for bicycles.

Our conclusion, therefore, is that the petition does not state a case of legal liablility, and that the demurrer was properly sustained.

The judgment of the common pleas court dismissing the petition must be affirmed.

*J. W. Yeagley, Richards & McCullough*, for plaintiff.

*E. S. Douthitt*, for defendant city.