## RECTOR v. SYRACUSE RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department.   November 19, 1901.)

NEGLIGENCE—ESCAPING STEAM—ACCIDENT TO TRAVELER.

   Plaintiff's horse became frightened at the escape of steam through an automatic safety valve on a steam roller standing in the street about three rods from the horse, and plaintiff, in his attempt to control the horse, received injuries of which he complains.   Plaintiff knew that the roller was in the street before going there, and the defendant was in the proper use of the street, and had complied with the statutory requirements of notifying persons approaching within one-eighth of a mile. *Held*, that the defendant was not guilty of actionable negligence, the escape of steam through the safety valve being incident to the ordinary operation of a steam engine.

Appeal from trial term, Onondaga county.

Action by John I. Rector against the Syracuse Rapid Transit Railway Company.   From a judgment in favor of the plaintiff, the defendant appeals.   Reversed.

The action was commenced on the 30th day of October, 1899, to recover damages alleged to have been sustained by the plaintiff through the negligence of the defendant.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Charles E. Spencer, for appellant.

George W. Driscoll, for respondent.

McLENNAN, J.   The plaintiff was a cartman in the city of Syracuse, N. Y., and on the 3d day of August, 1899, was engaged in carting hardware with a single horse to the Wesleyan Methodist Publishing Building, located on Onondaga street, in said city.   As the plaintiff turned from State street, which crosses Onondaga street at substantially right angles, on to Onondaga street, to go to his place of destination, he observed a steam roller standing upon the southerly side of Onondaga street next to the curb, some two or three rods distant from the publishing building.   The steam roller was standing still, was attended by one man, and, so far as the plaintiff knew or observed, was not emitting any steam, and was perfectly motionless and noiseless.   He, however, knew of the roller's location, and his attention was called to it.   Under those conditions the plaintiff stopped his horse at the curb in front of the publishing building, left it unhitched, and proceeded to unload the hardware from the cart into the building.   While thus engaged steam commenced to escape from the steam roller, making a sharp, popping noise.   The horse was frightened thereby, and started to run.   The plaintiff attempted to catch the horse, and in so doing received the injuries for which he seeks to recover in this action.

The chief question urged by defendant's counsel upon this appeal is that the evidence, as matter of law, failed to establish actionable negligence on the part of the defendant.   The defendant had the

right to have and use the steam roller upon the street in question, provided it was not guilty of negligence in such use. Mullen v. Village of Glens Falls, 11 App. Div. 275, 42 N. Y. Supp. 113. The jury was expressly so charged by the learned trial judge in this case.

The requirement of the statute (section 155, c. 568, Laws 1890), which makes it incumbent upon a person moving a steam engine upon a street or highway to send "a person of mature age at least an eighth of a mile in advance [of such engine], who shall notify and warn persons traveling or using such highway or street with horses or other domestic animals of the approach of such carriage, vehicle or engine," was complied with by the defendant, and the jury was so instructed. The plaintiff contends that in addition the defendant should have notified the plaintiff that steam was up in the engine, and that noise such as would frighten horses was liable to be made at any time by reason of its escape. The evidence conclusively shows that the noise which frightened the plaintiff's horse was caused by the escape of steam through the automatic safety valve, and that such a valve was necessary to the safe operation of the engine. There is no evidence tending to show that the escape of steam was permitted or caused by any act of the defendant's engineer, except as he permitted the automatic valve to work in the manner which it was intended to work. The plaintiff knew, or must be presumed to have known, that the engine was supplied with a safety valve, and that when there was sufficient pressure steam would escape by such device. He had no right to assume, because the engine was motionless and noiseless during the two or three minutes in which he observed it before the accident, that it was a dead engine, or not under steam. The location of the roller in a public street clearly indicated that it was not being stored at that place, but was there either for the purpose of use or to be transported to some other place. At all events, so far as appears, and as was expressly charged by the learned trial court, the defendant's roller was properly upon the highway in question, and the defendant had the right to operate it in the manner in which such machines are usually operated. One of the results incident to the operation of a steam engine of the character in question, as clearly appears by the evidence, is the occasional escape of steam through the safety valve. It is contended by plaintiff's counsel that this could have been avoided by banking the fire or cooling it, thus reducing the pressure of steam to such an extent that it would not have escaped through the safety valve. The defendant was not required, in order to absolve itself from the charge of negligence, to thus operate the engine in question. Being lawfully entitled to move the steam roller upon the street in question, it had a right to do so in the ordinary way, provided only that it complied with the requirements of the statute referred to, and which were complied with in this case. We think the case of Scaggs v. Canal Co., 145 N. Y. 201, 39 N. E. 716, is decisive upon the question of defendant's negligence in this case. That was an action brought to recover damages which resulted from the fright of a horse occasioned by the escape of steam from a locomotive of a steam railway, which stood near a highway

crossing which the plaintiff was attempting to pass. The court said:

"The escape of steam was from an automatic safety valve, which, when the engine is standing, prevents the dangerous accumulation of steam, by letting it off when the pressure reaches a certain point. It cannot, of course, be pretended that the use of such a device, adopted for protection from danger, and which acts mechanically, and not under the control of the engineer, is negligence."

The foregoing considerations lead to the conclusion that the evidence, as matter of law, failed to establish actionable negligence on the part of the defendant, and that the judgment appealed from should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event. All concur.