NATIONAL DISCOUNT CO. v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Term.   June 22, 1905.)

INDEMNITY INSURANCE—NOTICE OF LOSS—CORPORATIONS—KNOWLEDGE OF SECRETARY.

> Under an indemnity bond insuring a corporation against larceny or embezzlement by an employé, and stipulating that the insurer shall be given written notice immediately after the occurrence of an act indemnified against shall come to the employer's knowledge, where the secretary and director of the corporation had knowledge on November 19th of an embezzlement by an employé, and did not notify the insurer until December 7th, such knowledge of the secretary was the knowledge of the corporation, and his neglect was a failure to perform a condition precedent to a recovery on the bond.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the National Discount Company against the United States Fidelity & Guaranty Company.   From a judgment for plaintiff, the defendant appeals.   Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Leonidas Dennis, for appellant.

Ralph Nathan, for respondent.

MacLEAN, J. The plaintiff, a corporation, on June 3, 1904, had itself insured, as an employer, against larceny or embezzlement by an employé, by the defendant, also a corporation, which issued its indemnity bond expressing, among others, as terms of the contract, that it (the insurer) should be notified in writing immediately after the occurrence of an act indemnified against "shall come to the knowledge of the employer"; that the insurer, at its election, might cancel the bond at any time on giving a month's notice, with a refund, pro rata, of the premium paid; and that, should the employé be guilty of an offense covered by the bond, the employer should, on request, lay information of the facts before the proper authorities, and aid in all ways, not pecuniary, in bringing the employé promptly to justice.

The employé kept the petty cash book, and received the petty cash, the entries of which were checked up every week by one D., the employer company's secretary, superintendent, bookkeeper, and acting cashier, as also one of its directors. D., on Saturday, November 19th, balanced the account, and found the employé should have $300.91, but, on examining the cash, found only $160.91, thus exhibiting an embezzlement of $140 by the employé, to whom he said it should be his duty to turn over to the president, but this the employé begged off; saying that he had taken the money, and with it paid life insurance premiums, and that he would make the money good. He did pay back $25. D. did nothing until on December 7th, receiving a telegram that the employé could not be back that afternoon, and discovering that $15 more were missing, he informed the plaintiff's president, who the same day notified the defendant in writing of the taking by the employé of $130, the sum for which this action was brought, and a judgment had, with costs.

The defendant appellant objects to the judgment, and asks that it be reversed, because of failure of the plaintiff to notify the defendant of the loss immediately after its occurrence had come to its knowledge, i. e., November 19th, and so to perform a condition precedent to recovery. That objection is good and sufficient. The respondent, however, says the knowledge of the secretary is not the knowledge of the corporation. What is or should be knowledge of a corporation has not been exactly determined by the courts, which differentiate the knowledge learned by a director when not in function from that acquired by him when acting as such (Atlantic State Bank v. Savery, 82 N. Y. 307), and recognize as corporate information the possible observation of a piece of ice upon the sidewalk by a patrolman (always on duty). Leaving aside whether the discovery of D., a director, was that of the company, the knowledge of D., the secretary, was the knowledge of an officer usually competent to receive notices affecting the corporation (Eggleston v. Road Co., 82 N. Y. 282); and the information of D., the superintendent, bookkeeper, and acting cashier, was the knowledge of an agent intrusted with the management of its business, and in transactions conducted within the scope of his authority (Cragie v. Hadley, 99 N. Y. 134, 1 N. E. 537, 52 Am. Rep. 9). It was not necessary for the defendant to show that earlier notice might have helped to-

wards the recovery of some of the loss, or affected its election to canceling the bond, or aided in bringing the offending employé to justice. The judgment should be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.