ABRAM L. S. MINSHELL, Claimant, *v.* THE STATE OF NEW YORK.

Claim No. 17318.

Court of Claims, December 21, 1923.

State — highways — presence on highway of moving truck controlled by state employees is not defect in highway under Highway Law, § 176 — claimant to avoid collision with said truck put on brakes, causing car to skid and overturn — state not liable.

The presence on a state highway of a moving truck driven and controlled by employees of the state who were engaged in covering the highway with sand or gravel is not a defect in the highway within the meaning of section 176 of the Highway Law rendering the state liable for damages.

Accordingly, the state is not liable to the claimant who while approaching such a truck on a hill set his brakes in order to avoid a collision, thereby causing the car to skid and overturn.

Liability on the part of the state cannot be predicated upon the negligent acts of its employees who were operating the truck.

CLAIM for damages to automobile on state highway.

*Thomas A. Cookingham*, for the claimant.

*Carl Sherman*, attorney-general (*James E. Rafter*, deputy attorney-general, of counsel), for the State of New York.

12

CORWIN, J. On July 8, 1922, claimant was proceeding southerly in an automobile on the improved highway running between Glens Falls and Saratoga Springs. At a point in said highway known as Wentworth hill said highway curves to the east on a down grade of six per cent. When claimant reached the top of this hill he saw approaching him, and about fifty or sixty feet distant, on the westerly or left side of the road, a truck driven and controlled by employees of the state who were engaged in covering, with sand or gravel, oil or tarvia which had just been put upon the road. At or about the same time he observed another car approaching him which was on the easterly or right side of the road and was about to pass said truck. To avoid a collision claimant put on his emergency brake and his foot brake; whereupon his car skidded and overturned, sustaining damages for which he seeks to recover.

Liability of the state, if any, must be established under section 176 of the Highway Law, as amended by chapter 371 of the Laws of 1922. The statute, so far as applicable, provides as follows: " The state shall not be liable for damages suffered by any person from defects in state and county highways, except between the first day of May and the fifteenth day of November on such highways as are maintained by the state under such system as the commissioner of highways may adopt pursuant to section one hundred and seventy, but the liability for such damages shall otherwise remain as now provided by law, notwithstanding the construction or improvement and maintenance of such highways by the state under this chapter."

This statute, being in derogation of the common law, cannot be extended by construction beyond the plain meaning of its wording; and, therefore, claimant cannot recover unless the presence of the moving truck on the left side of the road constituted such an obstruction that it amounted to a defect in the highway under the statute.

The claimant relies in the main · upon *Whitney* v. *Town of Ticonderoga,* 127 N. Y. 40, in which case a road scraper was left upon the highway where plaintiff collided with it in the night time; and the court held that a highway may be rendered defective no less by an obstruction placed in it than by a physical disturbance or injury to the bed of the highway.

The distinction between an inert object, stored or placed in a highway, and a moving vehicle, carelessly operated, is obvious. In the former case the use of the highway is diverted from its legitimate purpose and the thing so stored is an obstruction which amounts to a nuisance and constitutes a defect in the highway;

while in the latter case the legitimate use of the highway is improperly exercised; and the one so exercising it is guilty of negligence, but there is no obstruction and, consequently, no defect in the highway. This distinction is clearly drawn in the case of *Mullen* v. *Village of Glens Falls*, 11 App. Div. 275, which held that the presence and use by a municipality on one of its public streets of a steam roller did not render such street defective within the meaning of the statute; although the municipality might be, and in that case was, held to be liable for the negligent operation of such machine by its agents and employees. Of course, liability on the part of the state cannot be predicated in the present case upon the negligent acts of its employees who were operating the truck; because in the absence of constitutional or legislative enactment assuming liability, the state is not liable for the negligent acts of its agents or employees. This rule is well settled and the authorities establishing it are so numerous and so frequently cited in the opinions of this court that it is unnecessary to repeat them here.

The duty of the state to keep its highways free from defects is performed when such highways are free from structural defects and inert obstructions, and are in sufficiently good repair and condition for safe and convenient travel. Therefore, liability cannot be established under the statute because of mere acts done upon it or because of the negligent or even the unlawful use of such highway by those operating moving vehicles or other moving objects upon it.

The condition of the highway is one thing. The manner in which it is used by those who have occasion to use it is quite another. The distinction is clearly marked in cases affecting municipalities. The former involves the exercise of the private or corporate powers of the municipality. The latter involves the prevention, by the direct regulation of the conduct of individuals, of the negligent, improper or unlawful use of the highway by objects in motion and subject to human control; and consequently calls for the exercise of the public or governmental powers of the municipality. In the former class of cases the state has assumed liability under the statute. In the latter it has not.

The weight of authority in other jurisdictions is to the same effect. *Douglass* v. *County Court*, 90 W. Va. 47; *Davis* v. *Bangor*, 101 Me. 101; *Barber* v. *City of Roxbury*, 11 Allen (Mass.), 318; *City of Lafayette* v. *Timberlake*, 88 Ind. 330; *Custer* v. *New Philadelphia*, 11 Ohio Cir. Dec. 9; *Marth* v. *City of Kingfisher*, 22 Okla. 602; *Everly* v. *City of Gas*, 95 Kan. 305; *Dudley* v. *City of Flemingsburgh*, 115 Ky. 5; *Ray* v. *City of Manchester*, 46 N. H. 59; *Hutchinson* v

*Town of Concord*, 41 Vt. 271. The rule in South Carolina alone seems in conflict. *Moss* v. *Aiken County*, 114 S. C. 147; *Burnett* v. *City of Greenville*, 106 id. 255.

The claim must be dismissed.

ACKERSON, P. J., concurs.

Judgment accordingly.